KEELEY INSTITUTE OF VIRGINIA V. JAMES T. WADE.

FILED FEBRUARY 20, 1901.   No. 9,358.

1. **Direction of Verdict.** When there is no disputed question of fact in a case it is proper for the trial court to direct the verdict that shall be returned.

2. **Hearsay Evidence.** Hearsay evidence is inadmissible on the trial of a cause.

ERROR from the district court for Washington county. Tried below before SLABAUGH, J. *Affirmed.*

*Jesse T. Davis* and *Frank S. Howell*, for plaintiff in error.

*Walton & Mummert, F. Dolezal* and *W. S. Cook, contra.*

NORVAL, C. J.

The plaintiff below, James T. Wade, and the Keeley Institute of Virginia, a corporation, entered into a written contract, of date September 1, 1893, one clause of which reads as follows: "The said J. T. Wade for and in consideration of thirty-six hundred dollars per year payable in equal monthly payments, agrees to take full charge of the medical and business departments of the said Keeley Institute of Virginia, to employ at his own expense at least one assistant manager and one janitor for duty at the institute." At or about the date of said contract said Wade entered upon the discharge of his duties, and so continued until some time in the fall of 1895, when the relations existing between the parties created by said contract ceased, and said Wade sued said corporation in the district court of Washington county, alleging that there was due him on account of services rendered under said contract an unpaid balance of $728, for which sum he prayed judgment. To this petition defendant answered, alleging as defenses, among other things, that said Wade had failed to keep his contract, in this, that he had not employed an assistant manager at such institute; further, that by reason of the incompetency and immoral and drunken habits of plaintiff, the business which he was employed to manage had been injured, all to the damage of defendant in the sum of $1,000. To this a reply, denying said allegations, was filed by plaintiff. On the trial, after all the evidence was admitted, the plaintiff moved the court to instruct the jury to return a verdict in his favor, which motion was sustained, and the court accordingly directed the jury to

return a verdict for plaintiff for the sum of $735.94, which verdict was accordingly rendered, and for the judgment entered thereon the defendant brings the proceeding here on error, its assignments of error being: (1) The court erred in giving to the jury the instruction directing the jury to return a verdict for the plaintiff below; (2) in not submitting the question of performance of said contract; (3) in not submitting the question whether said contract had been substantially complied with; (4) in overruling the motion of defendant for a new trial.

The assignments of error present one question, which is, was there any evidence tending to show that plaintiff had not complied with his contract? A careful examination of a very long record leads the court irresistibly to the conclusion that there was absolutely no evidence which disclosed that plaintiff had not fully complied with all the terms of the contract on his part to be performed. His evidence, and that of his witnesses, is to the effect that he discharged his duties, not only personally, but by employing an assistant manager and janitor, down to some time in the year 1895, when, by mutual agreement of the parties, an assistant manager was dispensed with and an itinerant lecturer was employed in his place, at a fixed salary, which was deducted from that of plaintiff. While there was an attempt to contradict the evidence of plaintiff relative to the employment of an assistant manager, an examination of the evidence discloses the fact that the witnesses either did not know the facts about which they testified or attempted to hide the facts by saying that they had never heard any of the persons employed by the plaintiff called assistant manager, and did not know that he performed such duties. Without a single exception, all the evidence of defendant on this question is so utterly weak as to entitle it to no weight. There is an argument to the effect that, if persons were employed from time to time to act in the capacity of assistant manager, such persons were shown by the evidence not to be fitted for that position, and that ques-

tion should have been submitted to the jury. We do not think so. There is nothing to show that any of these persons failed to do any thing that was required of them by the manager, or that they were not capable of doing anything that he required of them, or that, by reason of any failure or inability to perform anything of that nature the defendant was damaged in the slightest, and there was, therefore, nothing to submit to the jury on that question.

It is also argued that this is an entire contract, and that there is evidence that part of it was unperformed by plaintiff, in his failure to employ an assistant manager, and that, having failed to perform part thereof, he can not recover on the contract. *Hale v. Sheehan,* 36 Nebr., 443, is cited as authority. It is useless to inquire into the question whether this was an entire contract or not. There was absolute proof of a complete and substantial performance of its terms on the part of plaintiff, and no evidence to the contrary, and that being the case, it is unimportant whether it was an entire contract or not.

It is further contended that there was evidence going to prove that the allegations of damages had been sustained, and that these should have been submitted to the jury; but we think not. The evidence on that question was merely to prove the plaintiff's personal habits, and also to the effect that he occasionally absented himself from the institute for several hours at a time, leaving no one to attend to the patients, and to further prove that the attendance of patients gradually diminished in number, and it is argued that this evidence tending to prove these acts and omissions on the part of plaintiff tended to damage defendant and its business. There is no evidence, except hearsay, that any one failed to attend the institute because of plaintiff's conduct, which evidence was of course inadmissible; nor can it be inferred that his conduct, if proven, was the cause of the business falling off, unless other evidence more nearly connecting the two as cause and effect was introduced. It is contended,

also, that the mere fact that the business fell off was of itself proof from which damage could be inferred; but we do not think so. *Bass Furnace Co. v. Glasscock*, 2 So. Rep. [Ala.], 315.

We think there is nothing under any of the issues to submit to the jury, and for that reason the action of the court in instructing the jury to render a verdict for the amount prayed was proper, under numerous decisions of the court. *Hamilton v. Ross*, 23 Nebr., 630; *Burlington & M. R. R. Co. v. Wendt*, 12 Nebr., 76; *Lent v. Burlington & M. R. R. Co.*, 11 Nebr., 201; *Burns v. City of Fairmont*, 28 Nebr., 866.

The judgment of the lower court is therefore

AFFIRMED.