D. DAGGETT, APPELLEE, V. TOM PANEBIANCO, APPELLANT.

FILED JULY 15, 1921.   No. 21612.

1   Landlord and Tenant: REPAIRS. "In the absence of an express
    contract, a landlord is not bound to repair leased premises, nor
    to pay for repairs made thereon by the tenant." *Murphey v.
    Illinois Trust & Savings Bank,* 57 Neb. 519.

2.  Evidence examined, and *held* to sustain the action of the trial
    court in directing a verdict for the plaintiff.

APPEAL from the district court for Douglas county:
LEE S. ESTELLE, JUDGE.   *Affirmed.*

*Edward R. Burke,* for appellant.

*Gerald M. Drew, contra.*

Heard before LETTON, DAY and DEAN, JJ., CLEMENTS
and MORNING, District Judges.

DAY, J.

This is an action of forcible entry and detainer brought
by D. Daggett against Tom Panebianco, and was orig-
inally tried in justice court, where judgment was entered
for plaintiff for possession of the premises in controversy.
Defendant appealed the case to the district court for
Douglas county, where the case was tried on the original
complaint and answer filed in justice court. After the
testimony was all in, the trial court, on motion of plain-
tiff, instructed the jury to return a verdict in his favor,
which was accordingly done, and judgment was entered
thereon.   The defendant appeals.

The following state of facts appears from the record:
Tom Panebianco leased the premises from D. Daggett, by
written lease, for the term of one year from the 20th day
of August, 1918, to the 20th day of August, 1919, at an
agreed rental of $16 a month, payable in advance.   The
lease provided "that all plumbing, water pipes, gas pipes
and sewerage shall be at the risk of the said party of the
second part (defendant herein), and that said party of

the first part (plaintiff) shall not be "in any way liable for any defect therein, or for any damages resulting from any defects or faults therein." The lease also contained the provision that "said party of the second part will, during the said term, keep the said premises in good and tenantable repair externally and internally, reasonable tear and wear excepted."

It appears that all rent was paid up to June 20, 1919, when the plaintiff's agent sought to collect the rent then due for the month beginning on that date. The defendant refused to pay the rent unless he was allowed to deduct the sum of $2.25 which he had paid to a plumber for repairing a leaky toilet on the premises. The plaintiff was out of the city at the time, and his agent refused to make any such allowance for the plumber's bill which defendant had paid. A like refusal on part of defendant to pay the rent occurred perhaps two or three times during the month that ensued, and on July 20, 1919, another month's rent was due, and the agent then sought to collect the two months' rent, or $32 then due from defendant. Defendant again refused to pay the $32 unless he was allowed to deduct the $2.25 for the plumber's bill. Thereafter, and on July 23, 1919, the plaintiff's agent served a three days' notice to quit on the defendant, and on July 28, 1919, this action of forcible entry and detainer was filed in justice court, as above stated.

The defendant relies upon two grounds for reversal: First, that it was error on the part of the trial court to sustain plaintiff's motion for a directed verdict; and, second, that the verdict directed by the trial court is contrary to law and the evidence.

As to defendant's first ground for reversal, we are of the opinion that it was entirely proper for the trial court to direct a verdict for the plaintiff, inasmuch as there were no disputed questions of fact. As to this principle, see *Keeley Institute v. Wade,* 61 Neb. 313.

As to the second ground for reversal, the lease provided that the tenant (defendant) should be liable for all

plumbing repairs. Nevertheless, he had some repairs made, and then refused to pay his rent unless the bill for the plumbing repairs was deducted from the rent then due. When this occurred he was in default, and it was entirely proper for plaintiff's agent to then serve the notice to quit. The defendant admitted that he had no authority whatever from plaintiff to have these repairs made, but did so on his own initiative. It is not shown by the evidence whether the condition of the toilet was occasioned by reasonable tear and wear, or through some fault of the tenant. If it was caused by reasonable tear and wear, then under the provisions of the lease it would have been the duty of the landlord to pay for the repairs. The defendant, by insisting that the repair bill be deducted from the rent, necessarily took the position that the condition of the toilet was the result of reasonable tear and wear, and in making his defense it was necessary for him to establish that fact. In our view of the testimony, he has failed to do this.

In *Murphey v. Illinois Trust & Savings Bank*, 57 Neb. 519, it was held: "In the absence of an express contract, a landlord is not bound to repair the leased premises, nor to pay for the repairs made thereon by the tenant." And, in *Turner v. Townsend*, 42 Neb. 376, the court said: "The obligation of a landlord in any case to repair or rebuild leased premises rests solely on express contract, and without an express contract to that effect a landlord is neither bound to repair leased premises himself, nor to pay for repairs made by the tenant."

By specific terms in the written lease, the defendant was liable for these plumbing repairs.

From a careful consideration of all the evidence, and applying the law applicable to such cases, we are convinced that defendant's grounds relied upon for reversal are not well founded; and that the trial court was justified in directing a verdict in favor of plaintiff, and that the verdict returned was proper under the evidence introduced.

Finding no errors prejudicial to the defendant which would require a reversal, the judgment is

AFFIRMED.