## EDWARD LARUE *vs.* FARREN HOTEL COMPANY.

Franklin. September 15. — October 27, 1874. WELLS & MORTON, JJ., absent.

The owner of a building which has a store therein does not, by letting the store, become exempt from liability for damages to persons having lawful occasion to use said store, caused by an opening in the sidewalk in front of the store which was left there in the original construction of the building, if he is otherwise liable.

TORT for a personal injury. At the trial in the Superior Court, before *Lord*, J., the defendant admitted that it was a corporation, and the owner of the estate at Turner's Falls, upon which the accident was alleged to have happened. The plaintiff put in evidence the lease from the defendant to W. D. Budlong of a store on said estate, with the cellar under the same, by which the lessee covenanted, among other things, that he would not, without the consent in writing of the lessors or their successors or assigns, make or suffer any alterations or additions in or to the said premises, and that he would allow the lessors and their agents or assigns at reasonable times to enter upon said premises and examine the condition thereof, and make necessary repairs.

The plaintiff also introduced evidence tending to show that about half past seven or eight o'clock in the evening of October 23, 1872, the evening being quite dark, he, accompanied by his wife and young child, went to Budlong's store ; that he left his baby carriage in the corner, and his lantern, which was burning dimly, on the door step ; that after completing his business he came out of the store, leading his child, his wife preceding him ; that when he came out of the store he passed around or by his lantern, which was upon the right hand side of the door step, towards his baby carriage, and in doing so fell into an opening in front of the store window, which opening had been left to admit light to the cellar, and fractured one of his ribs and otherwise injured himself. This opening was three inches from the side of the door step and was four feet and seven inches in length, three feet in depth, projected from the line of the building, at each end eleven, and at the centre fourteen inches from the line of the building, and had never been covered by a grate. The only complaint made was that this opening should have been covered by a grate. The front line of this store was twenty feet from the highway, and the entire

space had been paved and was all open, and there was no line of de marcation of the sidewalk. The building was first occupied some- time in August or September, 1872. Since the accident this open- ing has been covered by a grate, but by whom it did not appear.

Upon this state of facts, the defendant contended that the exca- vation into which the plaintiff 'fell was not of such a character as to render the corporation liable for any injury which might result therefrom, and requested an instruction to this effect; but the presiding judge declined so to rule as matter of law, and sub- mitted the question to the jury under instructions as to what would create a liability on the part of the defendant, which were not objected to. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. De Wolf*, for the defendant, cited *Sweeny* v. *Old Colony Railroad*, 10 Allen, 368; *Howland* v. *Vincent*, 10 Met. 371; *Milford* v. *Holbrook*, 9 Allen, 17; *Robbins* v. *Jones*, 15 C. B. (N. S.), 221.

*W. S. B. Hopkins*, for the plaintiff.

Ames, J. Upon the evidence detailed in this bill of excep- tions, it would have been improper for the court below to rule as a matter of law that the defendant was not liable. The man- ner in which the building was constructed, and in which that part of it occupied by Budlong was used, might be considered as an invitation to all persons having lawful occasion to visit that part of it, to make use of the paved sidewalk as a means of access, and as an assurance that with due and reasonable care they might do so with safety. *Sweeny* v. *Old Colony Railroad*, 10 Allen, 368. *Carleton* v. *Franconia Iron Co.* 99 Mass. 216. If the excavation was in such a situation and of such a character as to be danger- ous to persons going in and out at Budlong's door, while in the exercise of due care, it became the duty of the defendant to take all proper precautions, by means of barriers or grates, to make the passage way reasonably safe. No exceptions were taken to the judge's charge upon this part of the case. It was a question of fact, and was submitted to the jury with proper instructions.

Upon the question whether the action should have been brought against this defendant, or against its tenant Budlong, it is to be observed that the cause of the injury was not to be found in any neglect of the latter to keep the sidewalk in repair. The ex-

cavation, if a fault at all, was a fault in the original construction of the building, and was of course intentional on the part of the defendant. It had the general supervision of the whole, and had the entire control of the premises so far as was necessary to keep them and the approaches in proper and safe condition, and therefore this liability rested upon it. *Kirby* v. *Boylston Market Association*, 14 Gray, 249. *Exceptions overruled.*