McCauley, J.
The liability of the city for the injury sustained by the plaintiff is contended for upon the principle of the cases of Hargreaves v. Deacon, 25 Mich., 5; Young v. *268 Harvey, 16 Ind., 314; Mullen v. St. John, 57 N. Y., 567; Beck v. Carter, 68 N. Y., 283, and many others, that a municipal corporation is liable for injuries resulting from obstructions, excavations, pitfalls or other dangerous condition of premises outside of the street, but so near to it as to cause injury to persons in the proper and lawful use of the street, and upon the principle also of the cases of Bennett v. Railroad Co., 102 U. S., 577; Sweeney v. Old Colony R. R., 10 Allen, 368; Larue v. Farron Hotel Co., 116 Mass., 67, that the owner of land is liable to persons who go upon it, by invitation express or implied, for injury arising from the unsafe or dangerous condition of the premises.
The plaintiff was walking along the sidewalk immediately before the accident occurred. The place where he fell into the excavation was about thirty feet from the sidewalk or street proper. The north end of the excavation did not come within thirty feet of the street. A person therefore in the ordinary use of the sidewalk would seem to have been out of all possible danger of falling into the excavation. If the excavation had been so near the street that a person had fallen into it while passing on the sidewalk and in the ordinary use of it, a liability for resulting injury would follow. This excavation was so far from the street that it could have caused no injury, except when the person passing along the sidewalk turned out of his way, as the. plaintiff clearly did in this case, and went to it — unless the stone pavement from the sidewalk to the north end of the excavation is to be treated as a continuation of the sidewalk, and the liability of the city is to attach for all places of danger near to the sidewalk thus extended. If the continuation of the stone pavement beyond the street, by its direction and surroundings misled the plaintiff into the belief that he was still on the .street, and if he walked upon it not thinking and having no reason to think he was beyond the street, the liability of the city doubtless would continue. But if he knew, or if from the surroundings he ought to have known that while walking on the stone pavement between the street and the north end of the excavation, he *269 was not in the street, but had turned out of it, he should no longer rely upon protection from dangerous places into which he might wander by following the stone pavement. If he had this knowledge his right to protection from dangerous places to which it might lead him was the same whether he walked on the stone pavement or on the natural surface of the ground. He says in his testimony that when Mr. Beals, who was with him, spoke of urinating, he said, “ Then go off the street, and he then stepped hack on this pavement or walk back.” It is quite clear from this statement that while the plaintiff was walking on the stone pavement, after he left the sidewalk, he knew he was out of and beyond the limits of the street. He did not go to the place where he received the injury because he thought or supposed that while he was going there he was in the street. He knew he was not in the street, and followed the pavement because it led away from the street.
The plaintiff following the stone pavement under these circumstances is not entitled to protection from injury from places of danger adjacent to the pavement as if he had encountered similar dangers in the lawful and proper use of the sidewalk within the limits of the street.
The facts of the case are clearly insufficient to sustain a recovery on the other ground urged by the plaintiff. The facts clearly show that there was no business of any kind carried on upon the lot on which the city building stands, and that there was no path or passage way across the lot, nor anything done or permitted upon the lot which would induce any person to go there for business, curiosity, enter tainment or any other legitimate purpose. Protection against pitfalls, excavations or other dangerous condition of grounds is extended to those only who are there by invitation express or implied.
If business is carried on upon the lot, or any curiosity kept there, open to the public, or any inducement or allurement held out to the public beyond a mere permission to go there, the duty to keep the premises safe arises; but if a lot is left unfenced a person who goes upon it by bare *270 permission because there is no obstruction to keep him off, goes at his own risk. Railway Co. v. Bingham, 29 Ohio St., 364; Beck v. Carter, 68 N. Y., 283. There is no proof in the case to show that there was anything whatever on the city lot to induce or invite any person to go upon or across it for any purpose unless for the purpose for which the plaintiff went there; nor is there any proof that the plaintiff went there upon any business with any person there, or for any purposes whatever except to get into the darkness in the shadow of the building. If there had been a business room in the building, or upon another part of the lot which would have been an implied invitation to the public to go there, it still would not help the plaintiff when he admits that he did not go upon the lot for any such purpose. The fact alone that the stone pavement extended from the street about twenty feet to the front wall of the first story and around the corner of the building about twelve feet along the east side of it, can not be treated as an implied invitation to a person passing along the street to turn aside and follow it, in the darkness, across private property, without any purpose or object that could have been foreseen or anticipated by the owner of the property. If the pavement beyond the limits of the street led to any place where persons on the street might be expected to go for any legitimate purpose, the result would be different.
The city should not be held to foresee or anticipate that persons would leave the sidewalk and go along the side of the building for the purpose for which the plaintiff went there. And if not, the fact that it extended the stone pavement to the open area, or if it had extended it much farther, would not have been, of itself, an implied invitation to the plaintiff or to any person on the street to use the pavement.

Judgment affirmed.