ANNA GALLAGHER *vs.* WILLIAM BUTTON.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under an ordinary oral lease from month to month there is no implied warranty that the leased premises are in a safe condition, nor any implied undertaking by the lessor that he will keep in repair that part of the premises which are leased to and placed in the exclusive possession and control of the tenant.

The averments of the complaint in the present case, and the facts claimed to have been proved under it, reviewed, and *held* not to present the question of the lessor's liability for negligence in concealing a secret defect in a fire-escape.

The plaintiff, who had for years been a tenant of the defendant under a lease from month to month, was injured by the fall of a fire-escape while she was standing upon it to fasten back a blind. *Held* that in passing upon the question of contributory negligence, the length of time the plaintiff had occupied the premises and during which she might have observed the condition of the fire-escape was

a material consideration; and that an instruction which limited that period to the last month of the plaintiff's occupancy, on the theory that she was a tenant but for one month at a time, was erroneous and misleading.

Argued June 14th—decided July 13th, 1900.

ACTION to recover damages for personal injuries claimed to have been caused by the defendant's neglect to repair a fire-escape, brought to the Superior Court in New Haven County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff for $1,000 damages, and appeal by the defendant for alleged errors in the rulings and charge of the court. *Error and new trial granted.*

The defendant also appealed from the refusal of the court to set aside the verdict and grant him a new trial upon the ground of a verdict against evidence. *No error in this refusal.*

The complaint alleged that " on the 5th day of December, 1898, the plaintiff was residing as tenant in a house owned by the defendant at 232 Wallace Street, in the city of New Haven, which the defendant was bound to keep safe and in a tenantable condition for the plaintiff to occupy, and the defendant had represented and stated to the plaintiff that said house was in good condition, safe, and in good repair. 2. On said day there was on the front part of said house, extending from the second story upward, a structure known and called a fire-escape, consisting of two flights of stairs on the outside of said building on the front thereof, with a platform at the head of each flight, and said fire-escape or flight of stairs was weak, decayed, rotten, unsafe, and insecurely attached to said building, and was allowed to become in said condition by the negligence and want of ordinary care of the defendant, and was known by him to be in the aforesaid condition; and if not actually known by him to be in said condition, yet from the appearance of the same and the length of time they had been there and the condition of said building as known to the defendant, the defendant ought to have known, and by the exercise of ordinary care could have known, that the said steps and said fire-escape were weak, unsafe,

and unfit for any person to walk or step upon. 3. On said 5th day of December, 1898, between the hours of one and two o'clock in the afternoon of said day, the plaintiff was obliged to go upon the platform or top part of said fire-escape and flight of steps in order to fasten back a blind of a window, which by negligence of the defendant had been left in such condition that it required fastening back, and while the plaintiff was upon said steps and fire-escape and while in the exercise of due and ordinary care, said steps and fire-escape suddenly gave away, broke and came off said building, and suddenly fell to the awning roof over the store on the ground floor of said building, and by the breaking and giving away and falling of said steps and fire-escape the plaintiff was thrown to the roof of said building with great violence."

The defendant claimed that the platform had become weak by having been improperly used by the plaintiff and other tenants, and that he had not been negligent, but that the plaintiff had been guilty of contributory negligence.

The rest of the case is sufficiently stated in the opinion.

*Levi N. Blydenburgh*, for the appellant (defendant).

*Charles S. Hamilton*, for the appellee (plaintiff).

HALL, J. The plaintiff sued her landlord for a personal injury caused by the falling of the platform of a fire-escape attached to the building which she occupied as a tenant, and upon which platform she had stepped in order to fasten a loose blind.

It appeared that seven years or more before the accident the defendant had leased to the plaintiff certain rooms in the building, by the ordinary parol contract of leasing, without any express warranty or any agreement to repair, the rent being payable monthly, and that the plaintiff had continued to occupy them until the time of the accident, without any further lease.

The defendant requested the court to charge the jury that " in the ordinary contract of letting the law does not imply

any guaranty on the part of the landlord that the leased premises are in a safe or inhabitable condition, since the tenant ordinarily has it in his power to inspect the premises, and so accepts the tenancy at his own risk."

The court did not so charge, but upon that subject charged the jury that it was "the duty of a landlord when he rents premises to use all reasonable care to see that the premises have not so fallen into decay or become so dangerous that a person occupying the same is liable to be injured. It is further the duty of the landlord to comply with all statutory regulations, such as furnishing suitable fire-escapes, and to use due diligence to put and keep them in reasonably safe condition, and if the landlord when renting premises rents them with fire-escapes which he knows to be dangerous, or should and could have known to be so by the exercise of reasonable care, or if he fails to use reasonable diligence to keep fire-escapes erected on the building in repair, he is liable for the injury resulting from their defective and unsafe condition to a tenant making a legitimate and proper use of them, and in the exercise of ordinary care."

The court should have charged substantially as requested, and the rule as laid down in the charge is incorrect.

Under such an agreement of letting as that stated, and in the absence of any statutory provision affecting it, there is no implied warranty by the lessor that the premises rented are in a safe condition, or that they are suitable for the purposes for which they are hired; nor is there any implied agreement that he will keep in repair any part of the premises which are leased to and placed in the exclusive possession and control of the tenant.

The general rule is that under such a contract the lessee takes the risk as to the condition and quality of the hired premises, and that the landlord is not liable to the tenant for injuries sustained by reason of the defective condition of the building leased. By such a lease the lessee purchases an estate in the premises rented, and the rule of *caveat emptor* applies, making it, ordinarily, the duty of the lessee as such purchaser to make such examination of the premises as is re-

quired in order to ascertain whether the premises have "so fallen into decay or become so dangerous that a person occupying the same is liable to be injured." *Jaffe* v. *Harteau*, 56 N. Y. 398; *Edwards* v. *New York & H. R. Co.*, 98 id. 245; *Towne* v. *Thompson*, 68 N. H. 317; *Bowe* v. *Hunking*, 135 Mass. 380; *Cowen* v. *Sunderland*, 145 id. 363; *Booth* v. *Merriam*, 155 id. 521; Wood on Landlord and Tenant (2d ed.), p. 833.

In the absence of any special covenant or agreement, ordinary repairs upon such part of the leased premises as are in the exclusive possession and control of the tenant must be made by the tenant, if he desires them to be made, and he cannot require the landlord to make them during the term of the lease. *Hatch* v. *Stamper*, 42 Conn. 28; *Clancy* v. *Byrne*, 56 N. Y. 129, 133.

The language of the charge above quoted erroneously places wholly upon the lessor the duty of exercising reasonable diligence, at the time of the leasing of the premises, to discover dangerous defects, and not at all upon the lessee, and the statement of the charge which follows is to the same effect. The court said: "If, however, the defects are not or were not discoverable by the exercise of reasonable diligence . . . , then the landlord is not liable. . . . He is only liable for a failure in his duty to exercise reasonable care and diligence."

From these instructions the jury must have understood it to be the law that a landlord who, without fraud or misrepresentation, rented a house manifestly so defective and out of repair as to be unsuited for occupancy, would be liable for an injury resulting from such defective condition of the building to a tenant who at the time of the leasing either knew or could easily have learned of its condition, but who afterwards while occupying it used reasonable care to avoid being injured.

The general rule which we have stated requiring the lessee to use reasonable diligence to ascertain whether the premises he is hiring are defective or unsuitable for the purpose for which they are hired, does not relieve the landlord from li-

ability in an action for negligence in concealing from the tenant a secret defect in the premises which renders them dangerous for occupancy, and with a knowledge of the existence and of the character of which he is chargeable, and which the tenant could not discover by reasonable diligence. *Minor* v. *Sharon*, 112 Mass. 477; *Cutter* v. *Hamlen*, 147 id. 471; *Booth* v. *Merriam, supra; Martin* v. *Richards*, 155 id. 381; *Edwards* v. *New York & H. R. Co., supra.*

Whether a landlord would be relieved from liability for an injury sustained by a tenant from the absence of a fire-escape upon the building when required by statute, or for an injury sustained by a tenant while properly using a defective fire-escape, when the absence or defective character of the fire-escape could by reasonable diligence have been discovered by the tenant at the time the premises were leased, we do not decide.

The rule relieving the landlord, in the absence of special agreement, from making ordinary repairs during the term of the lease, does not release him from liability in cases of injuries resulting from his failure to keep in proper repair such portions of a tenement house as are not leased to any particular tenant, but are retained in the control of the landlord for the common use of several tenants. *Peil* v. *Reinhart*, 127 N. Y. 381; *Looney* v. *McLean*, 129 Mass. 33; *Moynihan* v. *Allyn*, 162 id. 270, 272; *Wilcox* v. *Zane*, 167 id. 302; *Coupe* v. *Platt*, 172 id. 458.

Although the complaint in this case does not allege the facts necessary to make it the duty of the defendant, under Chap. 254 of the Public Acts of 1895, to maintain a fire-escape for the common use of several tenants in case of fire, and seems to base his claimed liability upon a supposed duty of the defendant to keep in repair the entire premises hired by the plaintiff, the fact seems to have been clearly proved that the structure which fell was a part of a fire-escape upon the outside of the building, designed to be used in common by different tenants as a fire-escape and for no other purpose.

Neither the averments of the complaint nor the facts claimed

to have been proved, seem to us to present the question of the liability of a lessor for negligence in the concealment of a secret defect in the fire-escape. It is not alleged in the complaint that the fire-escape was in an unsafe condition at the time the premises were leased to the plaintiff, nor, if it was, that the defendant concealed that fact or had any knowledge of it at that time, nor that the plaintiff could not then have discovered it. The complaint does not state when the premises were leased, nor that the fire-escape was then attached to the building. The allegation is that on the fifth of December, which was the day of the accident, the fire-escape was unsafe and insecurely attached to the building, and that the defendant knew or ought to have known of its condition at that time. So that we regard the main questions in the case to have been: Was the fire-escape in an unsafe condi-. tion at the time of the accident; and if so, did the injury to the plaintiff result from the failure of the defendant to fulfill his obligation to keep it in sufficient repairs.

That the platform in question was at that time unsafe to be used, either as a fire-escape or for the purpose for which the plaintiff used it, is beyond any question. It had apparently either become weakened by uses for which it was not designed, or the materials of which it was constructed or with which it was fastened to the building had become decayed or rusted, so that is was incapable of sustaining any considerable weight.

Upon the question whether the accident was the result of the failure of the defendant to perform his duty, the charge— as affecting the subject of contributory negligence—was incorrect, in stating to the jury that under the oral lease, before described, they were to consider the plaintiff the same as a tenant for only one month, and the condition of the premises at the commencement of that month as their condition when the plaintiff went into possession; since this part of the charge may be interpreted as meaning that the jury were to consider that the plaintiff had had but one month of the time of her occupancy of the premises to learn the condition of the fire-escape, and as withdrawing from the consideration of the jury

Huntting *v.* Hartford St. Ry. Co.

the very important fact, which should have been considered in deciding the question of contributory negligence, that the plaintiff had had, for at least seven years, an opportunity to observe the condition of the fire-escape.

If the jury had been clearly instructed that in deciding whether the plaintiff had herself been guilty of negligence, they should consider the opportunity which she had had during the entire time of her occupancy of these rooms, of learning the condition of the fire-escape and the manner in which it was attached to the building, and that they should also consider the fact that at the time of her injury she stepped upon the platform without having attempted to ascertain whether it was in a safe condition or not—we think the jury would not have been justified in returning a verdict for the plaintiff.

There was error in the charge to the jury as above stated, and no error in the denial of the motions in arrest of judgment and for a new trial for a verdict against evidence.

Error and new trial granted.

In this opinion the other judges concurred.