CATHERINE SMITH *vs.* JOHN C. PRESTON.

Cumberland.　　Opinion April 22, 1908.

*Ways.　Obstruction.　Nuisance.　Damages.　Water Discharged from Building on Sidewalk.　Ice Accumulating Therefrom.　Liability of Owner of Building.　Landlord and Tenant.　Repairs.　Instructions.　Revised Statutes, chapter 22, sections 5, 13.*

One who suffers special injury from a common nuisance may recover damages in an action at law from the person creating it.

An obstruction placed within the limits of a public way is a nuisance at common law as well as by statute.

One cannot use his property adjoining a public way to the injury of his neighbor's person while rightfully travelling upon such way.

One who creates an obstruction in a public way is not relieved from liability for damages resulting therefrom to travellers while lawfully travelling along such way, notwithstanding that some other person has neglected his duty to remove the obstruction.

The proprietor of land may maintain a structure thereon up to the line of a public way but if by that structure he intercepts and artificially collects the snow and rain which would have been harmless if allowed to reach the ground as it fell from the clouds, it is his duty to control the water so collected and not discharge it or allow it to escape upon the public way, thereby obstructing such way.

When a public sidewalk is obstructed by an accummulation of ice resulting from water artifically collected and discharged upon it by a defective gutter on a building and the owner of such building has control over it as to its physical condition and repair, and a person while rightfully using the sidewalk as a traveller, and in the exercise of due care, is injured by that obstruction, such owner is liable in damages to the person so injured.

The right of travellers to use public ways may be temporarily interrupted, and the traveller must submit to some inconveniences occasioned by the use of adjoining property for business purposes.　Such necessary interruptions and unavoidable inconveniences are not unlawful obstructions.　But when a public sidewalk is unlawfully obstructed as the result of the neglect of the owner of a building, over which he has control, to keep his building in safe condition such owner is liable in damages to any person injured by such obstruction.

Whenever an owner is bound to repair his building, and has control of it sufficient for that purpose, he, and not the tenants, is liable to a third person for damages arising from a neglect to repair.　Such liability rests

upon the elementary principle that the party whose neglect of duty causes the damages is responsible therefor.

In the case at bar, *Held:* That the defendant's liability arose from the fact that he *caused* the obstruction, and not because an obstruction, which he did not cause, was suffered to exist on the sidewalk adjoining his property.

Also in the case at bar, the defendant landlord requested the presiding Justice to instruct the jury " that if there was any understanding that the landlord should make repairs for the tenant, if there were any defects, he would not be liable until he got notice from the tenant." The presiding Justice declined to give this instruction except as previously explained. *Held:* That the case did not show that there was any understanding that the tenants were to have any care over the exterior of the building, or even to report to the defendant any defects which they might observe therein, and that the requested instruction was properly refused.

On motion and exceptions by defendant.     Overruled.

Action on the case to recover damages for personal injuries sustained by the plaintiff February 1, 1907, and caused by the alleged negligence of the defendant. The defendant was the owner of a certain two-story building on Washington Avenue, Portland, and the plaintiff claimed that a certain gutter on the outside of the defendant's building and over which he had control, was defective and leaky so that the water accumulated by it was wrongfully discharged upon the public sidewalk where it froze and rendered the sidewalk dangerous and that the accumulation of ice caused thereby was an obstruction of the sidewalk and constituted a nuisance both at common law and by statute. The plaintiff, a woman over eighty years of age, while lawfully walking on this part of the sidewalk, slipped and fell on the ice and fractured her left hip and also received other bodily injuries. The plaintiff's writ contained two counts, one at common law and the other under the statute. (See Revised Statutes, chapter 22, sections 5 and 13). Plea, the general issue. Tried at the October term, 1907, Supreme Judicial Court, Cumberland County. Verdict for plaintiff for $507.47. · The defendant then filed a general motion for a new trial and also excepted to the refusal of the presiding Justice to give to the jury a certain requested instruction.

The case appears in the opinion,

*Connellan & Connellan, and Wm. R. Robinson,* for plaintiff.

*D. A. Meaher,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

KING, J. On the first day of February, 1907, between nine and twelve o'clock in the forenoon, the plaintiff, a lady past eighty years of age, while walking on the sidewalk on the southerly side of Washington Avenue in Portland, fell and received bodily injuries. She claims that the cause of her fall was a spot of ice which had formed there by the freezing of water wrongfully conducted by the defendant from his building upon the sidewalk, and which rendered the walk dangerous. In this action for damages she has obtained a verdict, and the case is here on defendant's motion to have the verdict set aside as being against the law and evidence, and upon exceptions.

The defendant's building is two stories high, gable roof, standing in the corner formed by Cumberland Avenue on the west and Washington Avenue on the north, with its end facing the latter avenue, and is so located that its northeast corner adjoins the sidewalk, but its northwest corner is back eight or ten feet therefrom. The building has wooden gutters, the one on the easterly side, at its street end, joining the projecting finish of the gable roof, so that this joint of intersection slightly overhangs the sidewalk.

Attached to the east side of this building, on Washington Avenue, is a one story building of the defendant, adjoining the line of the sidewalk, with its roof sloping back from the street. Both buildings were occupied by tenants, and all repairs were to be made by the defendant.

The plaintiff claimed, and introduced evidence tending to show, that the gutter on the easterly side of the two story building was defective and leaky, and that at its northerly end over the sidewalk there was an opening in the joint through which the water it accumulated was wrongfully discharged upon the walk where it froze forming a dangerous accumulation of ice, that was an obstruction of the walk, and caused her injuries without fault on her part.

The defendant denied this claim, and testified that the gutter was not defective, that water was not discharged from it upon the

walk, and that on the morning of the day of the accident he passed over this sidewalk and saw there no accumulation of ice as the plaintiff alleged.

There can be little or no doubt, however, from all the evidence, that there was at the time of the plaintiff's accident, and had been for some time prior thereto, a defect in the gutter through which water was unnaturally discharged upon the sidewalk causing ice to form thereon abreast the junction of the two buildings.

No one saw the plaintiff fall, and the defendant claims that she failed to prove due care on her part. She was found, with her hip fractured, at the place where the ice was. She says she slipped and fell on the ice. There is nothing in the case suggesting that she had any infirmity on account of which she should have refrained from using the public streets. On the other hand it appears affirmatively that she was accustomed to travel upon the streets, and was active and spry for one of her age.

Her statement as to her conduct at the time was: "I was walking along the sidewalk as I usually do, paying attention to my business." The jury had a right to understand from that statement that she was "paying attention" to where and how she was walking. That is evidence of due care. Whether or not she did in fact exercise due care was an issue for the jury. That issue they must have decided for the plaintiff, and their decision should control.

It will serve no useful purpose to incorporate here any extended review of the evidence, which is somewhat conflicting. From an examination of the whole case we are of opinion that a jury would be warranted in finding that the sidewalk was obstructed by an accumulation of ice resulting from water artificially collected and discharged upon it by a defective gutter of the defendant's building, over which he had control as to its physical condition and repair; and that while rightfully using the sidewalk as a traveller, and in the exercise of due care, the plaintiff was injured by that obstruction.

If upon these facts and conditions the action is maintainable then the defendant's motion for a new trial must be denied.

But, notwithstanding those facts, the defendant contends that he did not create the obstruction by any wrongful act, or cause its

existence by the neglect of any duty owing by him to the plaintiff; and furthermore that he was a mere landlord, and not the occupant of the building, and that those in occupation as tenants are liable, if any one is liable, for the alleged obstruction.

We have already observed that the jury were warranted in finding as a fact that the building, at least that part of it including the defective gutter, was under the general care of the defendant, and that he had such control of the premises as was necessary to keep them in proper and safe condition. His own testimony established that fact. In answer to the question: "What arrangement, if any, had you made for the repairs of the two-story building?" he said: "Well, I made all repairs. When I was informed any thing was needed, or if I discovered any thing was out of repair, I had it fixed." He not only retained the right to make repairs, but the liability to keep the building in proper and safe condition continued to rest upon him notwithstanding the letting.

Whenever an owner is bound to repair his building, and has control of it sufficient for that purpose, he, and not the tenants, is liable to a third person for damages arising from a neglect to repair. Such liability rests upon the elementary principle that the party whose neglect of duty causes the damages is responsible therefor. *Kirby* v. *Boylston Market Association*, 14 Gray, 249; *Shepley* v. *Fifty Associates*, 101 Mass. 251, 254; and 106 Mass. 194 and 200; *Larue* v. *Farren Hotel Co.*, 116 Mass. 67.

The same principle governs in actions between tenant and landlord for damages arising from defects and want of repair of the premises. See *Toole* v. *Beckett*, 67 Maine, 544; *Simonton* v. *Loring*, 68 Maine, 164; *McCarthy* v. *York County Savings Bank*, 74 Maine, 315; *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47. In all the cases the criterion of liability is, the obligation to maintain and repair with the right of control for that purpose.

As bearing upon the defendant's liability it is also to be noticed that the duty here neglected was to repair the gutter and maintain it in a reasonably suitable condition to keep the water it collected from the sidewalk, and not merely to keep the gutter free from such

obstructions of ice or snow as would be likely to occur from storms and sudden climatic changes in the winter season. The latter duty may rest upon the occupant, although the owner is bound to maintain and repair. But that is not this case. Here the neglect to repair allowed the water to fall upon the walk unnaturally. It was the defendant's neglect, because the duty to repair rested on him.

Was the defendant's failure to repair the gutter so that the water it collected should not be discharged unnaturally upon the public way the neglect of a duty he owed to the plaintiff?

The proprietor of land may maintain a structure thereon up to the line of a public way, but he can not thereby unreasonably obstruct such way with impunity.

The defendant by his building intercepted and artificially collected the snow and rain which would have been harmless if allowed to reach the ground as it fell from the clouds. It was his duty to control the water so collected, and not discharge it or allow it to escape to the injury of others.

It is too well settled to need the citation of authorities that no one may artificially collect water on his own land, by means of a building or otherwise, and discharge it unlawfully upon his neighbor's property upon which it would not have naturally fallen. If he does so he is liable for the resulting damages. Neither has he the right to discharge water so collected upon the public way where it would not have naturally fallen, if in so doing he obstructs such way. No one would contend that an abutter upon a public way would have the right to obstruct such way by discharging water thereon from his cistern. Wherein is the distinction between such case and the one before us? The same duty to refrain from obstructing the public way arises in the one case as in the other. In either case the water would be discharged upon the way unnaturally in consequence of the use made of adjoining property.

The reason why the defendant owed a duty to the plaintiff not to cause her injury by turning the water from his building upon the public way is very aptly stated in *Shepley* v. *Fifty Associates*, 106 Mass., page 197, in these words: "The plaintiff, at the time of

the accident, was where she had a right to be, and was not guilty of any want of due and reasonable care. For the purpose for which she was using the sidewalk, her rights were exactly the same as if she owned the soil in fee simple. The case in our judgment depends upon the same rules, and is to be decided on the same principles, as if it raised a question between adjoining proprietors, in which the lands or building of one were injured by the manner in which the other had seen fit to occupy or use his own land and buildings. In contemplation of law the person is at least as much entitled to protection as the estate."

If one may not use his property to the injury of his neighbor's land, he certainly may not use it to the injury of his neighbor's person while rightfully travelling upon the public way.

The right of travellers to use the public way may be temporarily interrupted, and the traveller must submit to some inconveniences occasioned by the use of adjoining property for business purposes. Such necessary interruptions and unavoidable inconveniences are not unlawful obstructions. But in this case the jury have found that the sidewalk was unlawfully obstructed as the result of the defendant's neglect to keep his building in safe condition.

From both reason and authority the defendant must be held liable for the obstruction which caused the plaintiff's injury.

An obstruction placed within the limits of a public way is a nuisance at common law as well as by statute. R. S., chapter 22, sec. 5; *Corthell* v. *Holmes*, 88 Maine, 376. One who suffers special injury from a common nuisance may recover damages in an action at law from the person creating it. R. S., chap. 22, sec. 13; *Holmes* v. *Corthell*, 80 Maine, 31; *Brown* v. *Watson*, 47 Maine, 161; *Dudley* v. *Kennedy*, 63 Maine, 465; *Staples* v. *Dickson*, 88 Maine, 362.

But the defendant further contends that he is not liable because it was the duty of the occupants of the building to remove the snow and ice from the sidewalk adjoining the building. Assuming that such duty did devolve upon the occupants, we think the neglect of that duty did not discharge the defendant from his liability in this

action. He who creates an obstruction in the public way is not relieved from liability for damages to travellers resulting therefrom, notwithstanding that some other person has neglected his duty to remove the obstruction. The defendant's liability here arises from the fact that he *caused* the obstruction, and not because an obstruction, which he did not cause, was suffered to exist on the walk adjoining his property. The motion must be denied.

The exceptions. At the conclusion of the charge, counsel for the defendant requested the court to instruct the jury :

"That if there was an understanding that the landlord should make repairs for the tenant, if there were any defects, he would not be liable until he got notice from the tenant." To which the court replied : "I shall decline to give that, except as I have already explained."

The question whether the liability to repair was upon the defendant or his tenants under the letting was clearly presented to the jury as an issue of fact, and as to the defendant's knowledge of the particular defect, the court said : "He would not be liable for anything which he was absolutely ignorant of, either as understanding how this gutter was originally made, or having his attention by observation called to its condition, if it seemed to be absolutely perfect as he observed it from day to day. But if he did, by his constant observation of his building, being a practical man, observe what the condition of this gutter was, having an opportunity as he passed by to see whether it was leaking or not, or whether there was ice being formed underneath it, the jury would determine whether, as a matter of fact, he knew of its condition, or would, by reasonable diligence, have been bound to know. So if you find that he had the control of the roof and was bound to make the repairs upon it, and that the tenants were not, then he would be liable, provided there was such a public nuisance caused by him as obstructed the sidewalk and made it dangerous at the time."

The case does not show that there was any understanding that the tenants were to have any care over the exterior of the building, or even to report to the defendant any defect which they might observe therein. We think the requested instruction was properly

refused.   The instructions given upon the matter of notice to the defendant were as favorable as he could claim.   The exceptions must be overruled.   The entry is to be,

*Motion and exceptions overruled.*
*Judgment on the verdict.*