RALPH J. MINER ET ALS. vs. DENNIS E. McNAMARA ET ALS.

Third Judicial District, New Haven, January Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

As a general rule a tenant assumes the risk of the condition of the premises which he leases; but when concealed structural defects render the building weak and likely to collapse, and these are known to the owner but not to the tenant, nor discoverable by him upon careful inspection, the law imposes a duty upon the owner to disclose such defects, and for his neglect to do so holds him responsible to the tenant for any injury which results to the latter from such defective and dangerous condition.

In the present case the complaint, in addition to the foregoing circumstances, alleged negligence and violation of the city ordinance, in the erection of the building, upon the part of the contractor, who was made a codefendant. Upon the latter's demurrer to the complaint it was *held* that the sole proximate cause of the injury was the negligence of the owner, who alone was liable, the negligence of the builder being consequential and remote.

The "proximate cause" of an event, juridically considered, is only that which in a natural sequence, unbroken by any new and intervening cause, produces it, and without which the event would not have occurred; for the law does not search for the more remote

agencies by which an injury is brought about or made possible, but holds the last conscious agent in producing it responsible therefor.

Argued January 27th—decided March 3d, 1909.

ACTION to recover for the loss of a stock of merchandise due to the collapse and fall of a leased building, and alleged to have been caused by the defendants' negligence, brought to and tried by the Superior Court in New Haven County, *Robinson, J.*, upon a demurrer to the complaint filed by one of the defendants; the court sustained the demurrer and rendered judgment for that defendant, from which the plaintiff appealed. *No error.*

The complaint alleges, in substance, the following facts: The defendant McNamara, on May 1st, 1907, leased to the plaintiffs for the term of five years, for the general purpose of a warehouse in their business as wholesale grocers, a four-story brick building known as No. 44–46 Union Street, Bridgeport. About a month after the plaintiffs had taken possession, and when they had merchandise valued at upward of $14,000 stored therein, the building collapsed and fell, thereby destroying the plaintiffs' property.

McNamara, through his agents and servants, his codefendants in this action, had erected the building a short time previous to leasing it to the plaintiffs. Before its construction he had filed with the board of building commissioners of the city of Bridgeport, in accordance with one of its ordinances, a clear statement in writing of the proposed building, together with a copy of the plans and specifications of the same, and had obtained from that board a permit authorizing him to construct the building in accordance with those plans and specifications. No other statement or copy of plans was ever filed by him with the board, and no permit, special or otherwise, was ever issued by the board permitting any change in the plans and specifications of the building. McNamara and his codefendants in erecting the building departed from the plans

and specifications, in that the building erected was four
stories in height instead of three stories, as therein specified,
and the walls were substantially less in thickness, and the
supporting piers less in number and smaller in dimension,
than those provided for in the plans and specifications.
The walls, as constructed, also violated an ordinance of
the city of Bridgeport designating the thickness of walls in
buildings of the height and plan of construction of this one,
when situated, as this was, within the fire limits of the city.
The defendant The S. W. Hubbell Building Company did
the carpenter work in said building, and was negligent in
the performance of it, in that the timber used was unsound,
insufficient in size and strength, and not of proper quality
to be used in the construction of a building of its character,
and unfit for the support of the floors, walls and ceilings
thereof, and in that the floors, walls and ceilings were not
properly supported, braced and strengthened so as to bear
such reasonable weight as is customarily put upon the
floors, walls and ceilings of buildings of similar construc-
tion, and such strain as said Building Company knew would,
in the ordinary course, be put upon the floors, walls and
ceilings of the building.

The defendant McNamara, at the time he leased the
building to the plaintiffs, knew that in the construction of
the building the city ordinance had been violated as above
stated, that the building did not conform to the plans and
specifications which he filed with the board of building
commissioners, that the carpenter work, mason, stone,
brick and iron work, had been negligently and improperly
done, that the materials were of improper and inferior
quality, and the walls, floors, ceilings, roof and supports
thereof were weak and insufficient, and that the whole
building was in a dangerous, ruinous and dilapidated con-
dition and likely to fall and collapse if the building were in
any way used or any strain or weight put upon the floors,
walls or ceilings thereof. None of these facts were known

to the plaintiffs or any of them, and could not be discovered by an ordinary inspection or by any inspection which the plaintiffs or any of them were capable of making. The collapse and fall of the building were due entirely to the neglect of the several defendants as above set forth, to the improper and inferior materials used in said construction, and to the negligent, improper, unsafe and unlawful plan and manner in which the work was done.

The defendant The S. W. Hubbell Building Company demurred to the complaint, assigning as reasons that there was no privity between it and the plaintiffs, its contract having been with the owner of the land and its work done long before the plaintiffs leased the building; that there was no causal connection between its negligence and the plaintiffs' injury; and that it had made no representation to the plaintiffs that the building was safe, had no contractual or other relations with them, and had no occupation of said building or control over it or duty toward it at the time of the accident and for a long time prior thereto.

*George D. Watrous* and *Harrison T. Sheldon,* for the appellants (plaintiffs).

*John C. Chamberlain,* for the appellee (defendant Hubbell Building Company).

THAYER, J. Whether this defendant (The Hubbell Building Company) is liable for the plaintiffs' injury, depends upon whether its negligent or unlawful act was the proximate cause of that injury. "That only is a proximate cause of an event, juridically considered, which, in a natural sequence, unbroken by any new and intervening cause, produces that event, and without which that event would not have occurred." *Smith* v. *Connecticut Ry. & Ltg. Co.,* 80 Conn. 268, 270, 67 Atl. 888. The last conscious agent in producing the injury is the party liable for it. 1

Beven on Neg. in Law (3d Ed.) 53. The law does not search for the more remote agencies by which the injury was brought about or made possible.

It appears from the complaint that the owner of the building, after it was completed and when this defendant had nothing further to do with it, with full knowledge that it did not conform to the plans and specifications and to the requirements of the city ordinance, that the workmanship and materials were poor, and that the building was weak and dangerous and likely to collapse and fall if it were in any way used or any strain put upon its floors or walls, leased it to the plaintiffs, by whom the facts were not known nor discoverable by ordinary inspection or by any inspection which they were capable of making.

The tenant ordinarily takes the risk as to the conditon of the premises which he leases. *Gallagher* v. *Button*, 73 Conn. 172, 175, 46 Atl. 819. But when there are secret structural defects in the premises which render them dangerous for occupancy, known to the lessor but unknown to and undiscoverable by the lessee by careful inspection, the law imposes a duty upon the lessor to make such condition known to the tenant; and failure to do so is negligence on his part which makes him liable for any injury which results to the tenant from such defective and dangerous condition. *Cowen* v. *Sunderland*, 145 Mass. 363, 364, 14 N. E. 117; *Booth* v. *Merriam*, 155 Mass. 521, 522, 30 N. E. 85; *McKenzie* v. *Cheetham*, 83 Me. 543, 549, 22 Atl. 469; *Scott* v. *Simons*, 54 N. H. 426, 431; *Gallagher* v. *Button*, 73 Conn. 172, 46 Atl. 819. This is precisely the case presented by the complaint, as between the plaintiffs and McNamara, the owner of the building. His negligence was the proximate cause of their injury, upon the allegations. That injury cannot be attributed to this defendant's negligence in failing to construct a proper building. Its dangerous condition may have been due, in whole or in part, to this defendant's negligence, but that negligence was not the proxi-

mate cause of the plaintiffs' injury, because a new conscious agent, knowing of the existence of that condition, intervened, and instead of so acting as to prevent the injury acted so negligently as to cause it.

Nor can it be said that, omitting the allegation that the owner neglected to disclose to the plaintiffs the dangerous condition of the property, a good cause of action against this defendant is stated in the complaint. If he made such disclosure, the plaintiffs could not recover against him, because, in that case, they accepted their term and occupied the property at their own risk. It would be strange if, in such a case, they could recover against his servant, who under his direction had·used improper materials and otherwise taken part in the improper construction. The same reason which would prevent their recovery against the owner—their own intervening negligence—would prevent their recovery against the defendant.

It is not alleged or claimed that the owner was ignorant of the manner in which the building was constructed; on the contrary, it is alleged in the complaint and was insisted on in the brief and argument in behalf of the plaintiffs, that he caused it to be so constructed by his agents and servants and had full knowledge of its condition.

Whether the negligence complained of was the violation of a duty imposed by the common law or of one imposed by the city ordinance, ·that negligence must have been the proximate cause of the plaintiffs' injury to warrant a recovery. There is no ground for distinction between the two. *Broschart* v. *Tuttle*, 59 Conn. 1, 20, 21 Atl. 925. In neither case can the plaintiffs recover, for the reasons already stated. It is unnecessary, therefore, to consider whether the present defendant's violation of the ordinance could in any case create a cause of action in favor of a party injured in consequence of such violation.

The complaint shows that there was no causal connection between the negligence of this defendant and the injury of

the plaintiffs, and the demurrer was therefore properly sustained.

There is no error.

In this opinion the other judges concurred.