## ADOLPHUS VALIN vs. LYMAN B. JEWELL ET AL., TRUSTEES.

First Judicial District, Hartford, March Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Negligence involves the existence of a primary right in the plaintiff and its invasion by a wrongful act of the defendant.

Prima facie, at least, a landlord is not liable for personal injuries sustained by one of his tenants from a fall upon a patch of ice upon the sidewalk in front of the tenement, which he, pursuant to a local ordinance, was attempting to remove, merely because such ice had formed from water which was permitted to drip or flow from the roof of the porch over the entrance to the building directly to the sidewalk, without the intervention of any conductor or similar device to carry it off.

In the present case the plaintiff tenant claimed that the defendant landlord was under a duty to travelers on the highway and that he had violated such duty. *Held* that inasmuch as the tenant himself was obviously not a traveler upon the highway while he was engaged in cleaning the sidewalk, there was no occasion to pass upon the soundness of his contention in this particular.

The tenant also urged that the sidewalk was in reality the common approach to the building, and that the landlord was bound to keep it in repair. *Held* that this contention, also, was inapplicable, for several reasons, to the situation as disclosed by the facts alleged.

Special conditions creating a liability upon the part of a landlord, where, prima facie, none exists, must be alleged in the complaint.

One who hires a tenement in a house the front porch of which obviously has no conductor or other device to carry off such water or melting snow as may fall thereon, assumes the risk arising from the lack of such an instrumentality.

Under an ordinary lease there is no implied warranty that the premises are in a safe condition and reasonably fit for use; and much less is there any implied undertaking by the landlord that no accident shall thereafter befall the tenant from external forces or causes.

Argued March 4th—decided March 19th, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the defendants' negligence, brought to the Superior Court in Hartford County where successive demurrers to the original and to the

substitute complaint were sustained, *Case* and *Holcomb, Js.*, and afterward, for want of further pleading, judgment was rendered (*Greene, J.*) for the defendants, from which the plaintiff appealed. *No error.*

The substitute complaint, upon which the questions presented for review arise, alleges that on February 3d, 1912, the defendants were owners of a tenement or dwelling-house in Hartford known as number 87 Trumbull Street; that on this day the plaintiff was a tenant of the defendants and one of the occupants of said tenement; that "owing to the defective construction of the roof on the porch at the entrance of said tenement, water and melted snow gathering on said roof was allowed to flow off said roof, directly on the sidewalk in front of said premises, there being no conductor or any device provided to prevent water flowing from said roof directly onto said sidewalk," and that "without some device to prevent it water would be carried by the roof directly onto the sidewalk and accumulate there, and in cold weather freeze, making such sidewalk icy and dangerous to passersby," as the defendants well knew; that by force of a penal ordinance of said city it was the plaintiff's duty as an occupant of said tenement to remove snow or ice gathering on said sidewalk; that on said day, while the plaintiff, acting pursuant to the duty and liability imposed upon him by said ordinance, was attempting to remove ice and snow which had formed on said sidewalk from water flowing from said roof, he, without negligence on his part, slipped and fell on the ice so formed, sustaining personal injuries described; and that these injuries so occasioned were wholly due to the negligence of the defendants in suffering the premises to remain in the defective condition described.

The demurrer sustained, contained several reasons charging, in substance, that the complaint failed to show

that the defendants were guilty of negligent conduct in respect to the plaintiff, and that it showed that the plaintiff was guilty of contributory negligence and assumed the risk. The only error assigned was the sustaining of the demurrer.

*William F. Henney*, with whom was *David B. Henney*, for the appellant (plaintiff).

*Charles Welles Gross*, with whom was *Arthur L. Shipman*, for the appellees (defendants).

PRENTICE, C. J. This is an action of tort. If a cause of action is stated, the complaint must show a primary right in the plaintiff invaded by the defendants' wrong. Conduct on the part of the defendants which amounts to a breach of some duty owed by them to the plaintiff must appear in the averments.

The facts relied upon as constituting a breach of duty are, in substance, that the roof on a porch over the entrance to a tenement building owned by the defendants, and of which the plaintiff was one of the occupants as a tenant, was so constructed that water and melted snow gathered upon it, and that no conductor or other device was provided to prevent the moisture thus accumulated from flowing directly upon the sidewalk in front of the premises where, in cold weather, it would freeze. The complaint charges that, as the direct result of this condition of things, moisture from rain or snow fall, intercepted and diverted from its natural course to the earth by the roof, was thereby caused to flow upon the sidewalk, where it froze, forming ice, and that the plaintiff, falling upon the ice so formed, was thereby injured, without fault upon his part. It is conceivable that out of such a situation a breach of duty toward someone might arise. *Marston* v. *Phipps*, 209 Mass. 552, 554, 95 N. E. 954; *Smith* v. *Preston*, 104 Me. 156, 161, 71 Atl. 653; *Hartford* v. *Talcott*, 48 Conn. 525, 532.

It does not, however, follow that the plaintiff was such an one. It remains, therefore, to inquire what duty the defendants owed to the plaintiff which would be invaded by the conduct recited, and what its source.

It is contended that the duty was one due from the defendants as landowners to the plaintiff as a traveler in the adjacent highway. The latter was indeed in the highway when he received his injury, but he was not a traveler thereon. He was not using the sidewalk for purposes of passage, or as a way. He was not attempting to proceed from one point to another, using the sidewalk therefor. Assuming that in reaching the icy spot he might have been using a few feet of the walk for purposes of passage, a fact which does not appear, that use had ceased, and at the time he fell he was engaged in the performance of a duty cast upon him by law to repair a defect in the highway. He was no more a traveler at that time than a laborer engaged in the immediate work of filling a hole in the street. He was engaged in the attempt to remove from the walk the ice and snow which had gathered there, and not in an attempt to go anywhere or to reach any point to which the way would lead him. *Bartram* v. *Sharon*, 71 Conn. 686, 695, 43 Atl. 143; *Salzman* v. *New Haven*, 81 Conn. 389, 393, 71 Atl. 500; *Blodgett* v. *Boston*, 90 Mass. 237, 240; *Ball* v. *Winchester*, 32 N. H. 435, 444; *Varney* v. *Manchester*, 58 N. H. 430, 431.

As the plaintiff was not a traveler in the highway, we have no occasion to inquire whether or not the complaint shows that, if he had been one, the defendants, as owners of the adjacent premises, would have owed to him, a tenant therein, a duty, as respects the presence of the ice upon the walk, which was not performed.

The plaintiff was a tenant in the defendants' building, in front of which he was injured, and of which the porch roof complained of formed a part. It is urged that the

sidewalk where the ice accumulated was in reality the approach to the building, and that for that reason the defendants, as the landlords, were responsible for its safe condition. Appeal is thus made to the familiar doctrine recognized by us in *Koskoff* v. *Goldman*, 86 Conn. 415, 424, 85 Atl. 588, that "the duty of maintenance and repair rests upon a landlord in respect to common passageways and approaches in or to a building occupied by several tenants, which passageways or approaches are retained under his control for the use of the several tenants as a means of access to the portions of the premises leased to them."

This contention meets with the insurmountable obstacle that the icy spot which caused the plaintiff's fall was not a portion of the premises affected by the tenancy. Not only so, but it was in the highway, where of necessity it could not come within the conditions stated in the citation just made. Beyond this, it does not appear that those conditions were satisfied in respect to any portion of the building. It does not appear that any portion of it was retained in the landlords' control for the use of the several tenants as a means of access to the portions of the premises leased to them respectively. We may surmise that such was the case, but the isolated allegation that the plaintiff was one of the tenants occupying the building furnishes the only foundation for such a surmise, which well might be unfounded. For aught that appears, the plaintiff himself, by the terms of his tenancy, may have assumed the duty of caring for any common approach or passageway. Special conditions creating a liability on the part of the landlord, where prima facie that liability does not exist, must be averred. *Shindelbeck* v. *Moon*, 32 Ohio St. 264, 276.

Eliminating this special feature from the relation of landlord and tenant which existed between these par-

ties, we are brought to inquire whether, in any other way incident to the tenancy, a duty was imposed upon the defendants in respect to the ice formation, or its cause, which was not fulfilled by them. This formation is in the complaint attributed to the porch roof projection, with its absence of conductors as its ultimate cause. This porch and its roof were part of the structure of the building. Its character, method of construction, and lack of conductors were apparent. What it would accomplish in intercepting, accumulating or diverting from its natural course falling rain or snow was obvious. There was no lack of repair, no secret infirmity or peculiarity, no change of character or condition during the plaintiff's tenancy, and no warranty or special agreement to alter the usual obligations of parties to a tenancy.

"The general rule is that under such a contract the lessee takes the risk as to the condition and quality of the hired premises, and that the landlord is not liable to the tenant for injuries sustained by reason of the defective condition of the building leased. By such a lease the lessee purchases an estate in the premises rented, and the rule of *caveat emptor* applies, making it, ordinarily, the duty of the lessee as such purchaser to make such examination of the premises as is required in order to ascertain whether the premises have 'so fallen into decay or become so dangerous that a person occupying the same is liable to be injured.'" *Gallagher* v. *Button*, 73 Conn. 172, 175, 46 Atl. 819. "The law does not imply any warranty on the part of the landlord that the house is reasonably fit for occupation; much less does it imply a warranty that no accident should befall the tenant from external forces, such as storms, tornadoes, earthquakes or snow-slides. . . . A tenant is a purchaser of an estate in the land or building hired; and . . . no action lies by a tenant

against a landlord on account of the condition of the premises hired, in the absence of an express warranty or of active deceit. . . . This is the general rule of *caveat emptor."* *Doyle* v. *Union Pacific Ry. Co.*, 147 U. S. 413, 423, 425, 13 Sup. Ct. Rep. 333. "A tenant who hires premises takes them as they are [at least in as far as obvious conditions are concerned], and cannot complain that they were not constructed differently." *Woods* v. *Naumkeag Steam Cotton Co.*, 134 Mass. 357, 359. See also *Miner* v. *McNamara*, 81 Conn. 690, 694, 72 Atl. 138; *Harpel* v. *Fall*, 63 Minn. 520, 523, 524, 65 N. W. 913.

We fail to discover in the allegations a breach on the part of the defendants of a duty owed by them to the plaintiff.

There is no error.

In this opinion the other judges concurred.