LINCOLN E. McRAE

*vs.*

CAMDEN & ROCKLAND WATER COMPANY.

Knox.   Opinion, October 13, 1941.

*Frank A. Tirrell, Jr.,*
*Jerome C. Burrows,* for plaintiff.

*Alan A. Bird,*
*Alfred M. Strout,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORS-
TER, MURCHIE, JJ.

PER CURIAM.

Herein the plaintiff recovered a verdict for $2,000 for in-
juries to his golf course in Rockland. The defendant filed a
general motion based on the usual grounds. The question is
whether the verdict is manifestly wrong.

From the evidence the jury could have found that many
years ago the defendant took title to a rectangular piece of
land 25 by 40 feet in the midst of property owned by its grant-
or; that it built a valve house thereon over a pit dug in the
ground; that in the fall of 1939 the defendant artificially col-

lected surface water in the pit to varying depths, it coming in around pipes or mains and by seepage; that previously for the purpose of draining the pit it had built a tile drain southwesterly an approximate distance of 150 feet to a point where it emptied into a rock drain, both drains being located on the plaintiff's premises; that early in December, 1939, the defendant's carpenter, while putting a new roof on the pump.house, noticed a considerable depth of water in the pit and that apparently the drains were not functioning; that he observed outside, nearly if not quite at the end of the tile drain, an elevation of a few inches in the ground where water was boiling up, at which place he dug down and found the tile broken; that later this break was repaired by the defendant but the water still came to the surface and continued to overflow the plaintiff's property through the winter and spring until June, when an unsuccessful attempt was made by the defendant to relieve the situation by pumping from a large hole it dug for that purpose; that the break in the tile caused the rock drain to plug, as a consequence of which the water backed up and boiled to the surface of the ground even after the tile pipe was repaired and continued to flood large areas in fairways five and six of the plaintiff's course, causing the injuries for which damages are sought in this action.

The allegation in the writ that since the twenty-ninth day of November, 1938, the defendant maintained a pipe drain from the pit and that it was duty bound to keep it in repair does not constitute an admission that the defendant had the lawful right to establish and maintain said drain. The record does not disclose that it had acquired such right by grant, prescription, or otherwise.

In *Goodwin and Stewart* v. *Texas Co.*, 133 Me., 260, 176 A., 873, 874, it is stated on page 262:

"It is a settled rule of law that no one may artificially collect water on his own land and discharge it unlawfully upon his neighbor's property upon which it would

not have naturally fallen, and if he does so he is liable for the resulting damages."

Also see *Smith* v. *Preston*, 104 Me., 156, on page 161, 71 A., 653.

The law as quoted is applicable to this situation. Here ample evidence there was to warrant the jury to find, as it must have found, that the defendant artificially collected water in the pit in its valve house and unlawfully discharged it upon the plaintiff's property where it would not have naturally fallen. In doing this it committed an actionable wrong. As to liability the verdict must stand.

But it is claimed that the verdict is excessive, particularly because the plaintiff did not do what he should have done to mitigate the damage. This raised factual questions for the jury, both as to what was done by way of mitigation and as to whether or not it was reasonably sufficient. That the damage occasioned by the flooding of fairways five and six was extremely serious amply appears in the evidence. Estimated cost of repairs (and there was no evidence to the contrary) ran from $2,000 to $3,500, consisting of plowing, harrowing, rocking, fertilizing, reseeding, levelling, and rolling, without mention of a less attractive and desirable course for play and loss of revenue, as to which there was considerable testimony. For an appreciable period only seven holes were playable. It has not been made to appear that the jury's assessment of $2,000 as damages is manifestly wrong.

*Motion overruled.*