[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Benjamin Schilberg and Schilberg Integrated Metals Co. (SIMCO), move for summary judgment on the grounds that the plaintiffs suit for reimbursement of environmental remediation expenses under General Statutes § 22a-452 is barred by the statute of limitations; is barred by caveat emptor; is invalid because the pollution, if any, occurred before the effective date of § 22a-452; has no factual basis; and because SIMCO came into existence after the alleged pollution of the plaintiffs land.
Summary judgment shall be rendered if the pleadings and documents submitted demonstrate a lack of genuine dispute as to material fact and that the movant is entitled to judgment as a matter of law, Practice Book § 17-49.
The following facts are admitted or undisputed. For around a one year period sometime during the interval from 1967 to 1972, Schilberg obtained CT Page 9227 a license from another defendant, Thomas Nigro, to use a portion of his land, later acquired by the plaintiff, to burn insulated wire in order to retrieve any copper present in the wire. The wire was doused with accelerant to facilitate the burning. In 1975, Schilberg created SIMCO, a corporation.
In 1979, the pertinent provisions of § 22a-452 were enacted. In 1996, the plaintiff, a foreign limited partnership, purchased the land in question. The plaintiffs agents were aware of the contamination of the land before they purchased it. The plaintiff failed to registered as a foreign limited partnership with the Connecticut Secretary of State's Office before commencing this action.
 I
The defendants contend that, because the burning and copper extraction process predated 1979, the year § 22a-452 was amended to permit suits for recovery of pollution clean-up costs for befoulment of land, the statute is unavailable to impose liability upon them. The defendants argue that to impose such liability on them would be a retroactive application of § 22a-452, unjustified by the language or history of that enactment. The court feels that this argument misapprehends the basis for potential liability under § 22a-452. Liability attaches, not upon the act of polluting, but upon the act of remediation of that pollution by another.
The plaintiffs cause of action arises from the expenditure of funds to salvage the land from the ravages of the contamination allegedly inflicted by the defendant's activity. The critical date, for retroactivity purposes, is the time when remediation occurred. There is no claim in this case that the plaintiff expended money to mitigate the purported pollution before 1979. All that effort transpired after the plaintiff acquired the property in 1996.
Section 22a-452 is remedial and, therefore, ought to be liberally construed to effect its ameliorative purpose, Knight v. F.L. Roberts andCo., Inc., 241 Conn. 466, 474 (1997). Consequently, § 22a-452 permits actions against pollution which occurred before 1979.
 II
The defendants' also argue that the doctrine of caveat emptor deprives the plaintiff of any claim against them. That doctrine obligates a purchaser to conduct reasonable inspection of property being acquired and insulates the seller from liability for breach of implied warranty of fitness for those defects which inspection would have revealed, Valin v.CT Page 9228Jewell, 88 Conn. 151, 156 (1914).
The plaintiff makes no claim that these defendants conveyed property to them upon which was concealed contamination. The plaintiff sues under a statute, § 22a-452, which specifically entitles these who contain or remove noxious conditions on the land to reimbursement for the costs of that endeavor from those who were at fault for creating such condition. The statute contains no exceptions excluding from this opportunity for reimbursement those parties who were aware of the pollution when they purchased the land. The obvious aim of the statute, to encourage cleanup of the environment by landowners, would be thwarted if reimbursement was limited to purchasers who were ignorant of the contaminated state of their acquisition. As noted above, § 22a-452 is remedial and must be liberally construed to accomplish its goal, Knight v. F.L. Roberts andCo., Inc., supra. The doctrine of caveat emptor is simply inappropriate in cases brought under § 22a-452, Putnam v. County Environmental, Inc., Superior Court, Stamford J.D., d.n. CV 98-166445 (July 21, 2000),D'Andrea, J.
 III
As to the defendants' assertion that this plaintiff cannot maintain an action in Connecticut because it is a foreign limited liability partnership that has failed to register in this State as required by General Statutes § 34-38 l, there exists a genuine factual dispute as to whether the plaintiff transacted business in Connecticut as defined by General Statutes § 34-38o. Therefore, summary judgment is unavailable on this ground.
 IV
Similarly, there exists a genuine factual dispute as to whether the defendants' activities on the land in question caused the contamination alleged by the plaintiff. A trier of fact must resolve that issue at trial.
 V
There is no factual dispute, however, that SIMCO came into existence years after Schilberg had ceased burning wire on the property. The corporation was formed in 1975. There was no evidence submitted from which one could reasonably infer that SIMCO assumed Schilberg's liabilities for conduct which preceded corporate formation. Nor was any evidence submitted showing that SIMCO was a mere alter ego of Schilberg. SIMCO is entitled to judgment as a matter of law. CT Page 9229
 VI
The issues surrounding the appropriate application of statutes of limitations with respect to § 22a-452 is a perplexing one. Normally, a statute of limitations begins to run from the time a cause of action accrues, Polizos v. Nationwide Mutual Ins. Co., 255 Conn. 601, 608
(2001), i.e. "the time when the plaintiff first could have successfully maintained an action," Id. There are exceptions, however. Negligence actions, for instance, have a statute of limitations which runs from the time of the negligent conduct and not the time damage is sustained,Protter v. Brown Thompson Co., 25 Conn. App. 360, 364 (1991). On occasion, the legislature may enact statutes of limitation that bar an action even before it accrues, Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 384 (1994).
In suits seeking reimbursement under § 22a-452, the cause of action cannot accrue before the remediation occurs, Knight v. F.L. Roberts andCo., Inc., supra, 472; Blackburn v. Miller-Stephenson Chemical Co., Superior Court, Danbury J.D., d.n. CV 93-314089 (September 11, 1998),Leheny, J. Using the ordinary rule, any statute of limitations would only begin, therefore, when the plaintiff engaged in efforts to mitigate the alleged pollution. Our Supreme Court, however, suggests that, with respect to § 22a-452 actions, the critical date for statute of limitations analysis is the date the contamination occurred. Doty v.Mucci, 238 Conn. 800 (1996).
In Doty v. Mucci, supra, the Supreme Court was confronted by the issue of which of three possible statutes of limitations controlled § 22a-452
remediation reimbursement suits. Because the Court held that the litigation in that case was time barred under any of the potentially pertinent statutes of limitations, the opinion never resolved the question of which statute of repose prevailed, Id, 805, fn 6. In arriving at this holding, however, the Court employed the date the defendants were allegedly causally negligent in installing fuel tanks or the date such negligence ought to have been discovered as the date the clock for any statute of limitations began to tick, Id. 803.
A starting time of the act of contamination for the statute of limitations governing actions brought under § 22a-452 best serves the purpose of such statutes of repose. Statutes of limitations are designed to (1) prevent the unexpected enforcement of stale and fraudulent claims and (2) to avoid the impairment caused by lost evidence, Gabrielle v.Hospital of St. Raphael, supra, 384. If the date the cause of action under § 22a-452 accrued were the starting time, the purposes of the statute of limitation would be nullified. It is easy to envision circumstances where pollution containment or cleanup would happen many CT Page 9230 years after the land was fouled. Acceptable attitudes and standards of the treatment of land may evolve. Effective remediation tools and processes may take years to develop or be discovered.
Consequently, the court concludes that any pertinent statute of limitation runs, at the latest, under General Statutes § 52-577c(b), from January 15, 1996, the date the plaintiff acquired the property with knowledge of its contaminated state. The present action was commenced on February 19, 1999, which date exceeds the two year opportunity to bring suit afforded by § 52-577c(b). The plaintiff is time barred from pursuing remediation expenses against these defendants.
The plaintiff has argued that the starting date ought to be the date the perpetrator of pollution is discovered rather than the date the plaintiff learns of the pollution itself. However salutary such a rule might be, the language of § 52-577c(b) clearly requires the action to be initiated "within two years from the date when the . . . damage
complained of is discovered. . . ." (emphasis added).
The motion for summary judgment on behalf of defendant's Schilberg and SIMCO is granted.
Sferrazza, J.