## DANIEL G. LEAVITT *vs.* CHARLES G. FLETCHER.

A lease for years was executed in duplicate, of a brick stable and a wooden carriage-house. One copy provided that the lessor should make all necessary repairs on the outside of the "building," and the other, upon the outside of the "buildings." The lessee covenanted to deliver up the premises at the end of the term in good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, and not to make or suffer any waste thereof, and to make all necessary repairs on the inside of the building. During the term, the carriage-house fell from the weight of snow upon the roof, and injured the lessee's carriages kept therein; and the lessor refused to rebuild it. *Held,* that the lessee might maintain an action for the refusal to rebuild, so as to make the carriage-house outwardly complete, but not for the injury to the carriages.

CONTRACT brought by a lessee against a lessor to recover damages for a breach of the covenant to repair. The material portions of the lease and the agreed facts upon which the case was submitted to the determination of the whole court are stated in the opinion.

*D. S. Richardson & B. J. Williams,* for the plaintiff.

*T. H. Sweetser & W. S. Gardner,* for the defendant.

GRAY, J. By the indenture upon which this action is brought the defendant " does lease, demise and let" to the plaintiff a brick stable standing on the lessor's own land, and a wooden carriage-house standing on land held by him under a lease from others, with a provision that if they shall require the termination of that lease and the removal of the carriage-house, the plaintiff may terminate this lease. The lessor " agrees to make all necessary repairs on the outside of said building." The lessee agrees to pay a certain rent monthly, and to quit and deliver up the premises to the lessor at the end of the term " in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same now are or may be put into by the said lessor;" not to make or suffer any waste thereof; and " that the lessor may enter to view and make improvements, and to expel the lessee, if he shall fail to pay the rent as aforesaid, or make or suffer any strip or waste thereof. And said lessee is to make all necessary repairs on the inside of the building at his own expense."

The brick stable is the building mentioned in the lease next before the lessor's covenant to make outside repairs; but we have no doubt that this covenant includes all the premises leased by the defendant to the plaintiff, the carriage-house as well as the stable. Indeed in the duplicate indenture in the hands of the defendant the plural word " buildings" is substituted for " building" in this covenant.

The facts agreed by the parties are as follows : The carriage-house was a frame covered with matched boards, had a shingled roof and a plank floor, and on the inside was left uncovered by lath or plaster. While the plaintiff was occupying the premises under the lease, a quantity of snow accumulated upon the roof

**of** the carriage-house, until, at the close of a heavy snow storm, the carriage-house fell from the weight of snow, crushing and injuring the plaintiff's carriages kept therein. The plaintiff afterwards demanded of the defendant that he should restore and rebuild the carriage-house, but the defendant refused to do so. There is nothing in the case to show that any negligence of either party contributed to the accident.

For five months succeeding the fall of the carriage-house, the plaintiff paid to the defendant, under protest, the rent reserved in the lease; and then, ceasing to pay rent, was ejected by the defendant. The lessee's covenant to pay rent was not affected by the injury to the premises, nor limited by the exception of unavoidable casualty in his subsequent covenant, and is independent of the lessor's covenant to make outside repairs. *Belfour* v. *Weston,* 1 T. R. 310. *Hare* v. *Groves,* 3 Anstr. 687. *Kramer* v. *Cook,* 7 Gray, 550, and cases cited. And it is not now denied that the lessee was rightly required to pay rent, and lawfully ejected for failing to pay.

The lessee in this action claims damages, 1st. for the injury occasioned by the fall of the carriage-house; 2dly, for the failure of the lessor to rebuild it, after being expressly requested so to do.

It is well settled that in a lease of real estate no covenant is implied that the lessor shall keep the premises in repair or otherwise fit for occupation. *Dutton* v. *Gerrish,* 9 Cush. 89. *Foster* v. *Peyser,* Ib. 242, and cases cited. *Welles* v. *Castles,* 3 Gray, 326. The express covenant of the defendant in this case is. only "to make all necessary repairs on the outside of the building." He does not covenant that the outside shall not give way, but that, if it does, he will repair it. He cannot therefore be held liable for the damages occasioned by the fall of the building.

But it has been the established rule of the common law for ages that an express covenant to repair binds the covenantor · to make good any injury which human power can remedy, even if caused by storm, flood, fire, inevitable accident, or the act of a stranger. Yearbook 40 Ed. III. 6. Dyer, 33 *a. Paradine* **v** *Jane,* Aleyn, 27; *S. C* Sty'e, 47. *Compton* v. *Allen,* Style, 162.

*Bullock* v. *Dommitt*, 6 T. R. 650. *Green* v. *Eales*, 2 Q. B 225; *S. C.* 1 Gale & Dav. 468. *Phillips* v. *Stevens*, 16 Mass 238. *Bigelow* v. *Collamore*, 5 Cush. 231. *Allen* v. *Culver*, 2 Denio, 294. *Dermott* v. *Jones*, 2 Wallace, 7, 8. The defend· ant's covenant contains no exception of natural causes or inevit- able accident. " The outside of the building " includes the whole outer shell of the building, or external inclosure of roof and sides. *Green* v. *Eales*, above cited. " The necessary re- pairs on the outside " are those which will make the building outwardly complete. When those are made, then, and not be- fore, the lessee will be bound by his covenant " to make all necessary repairs on the inside." The fact that rebuilding the outside will so far replace the whole building as to leave very little to be done on the inside, and thus make the performance of the lessee's covenant very easy, does not in any degree excuse the lessor from first performing his covenant. · The defendant is therefore responsible for the damages suffered by the plaintiff by reason of the defendant's refusal to rebuild, from the time of that refusal until the ejectment of the plaintiff for not paying his rent; and according to the agreement of the parties the case must stand for the assessment of those damages.

*Judgment for the plaintiff accordingly.*