DANIEL HATCH AND ANOTHER vs. ANNA STAMPER.

The act of 1869 provides that where a leased building "shall be destroyed or so injured by the elements or other cause as to be untenantable," the lessee, if not in fault in the matter, may quit possession and shall not be liable for further rent, unless otherwise provided by written agreement. Held that the building must have become untenantable by some sudden and unexpected injury and not by mere decay.

ASSUMPSIT for use and occupation of leased premises; brought to the Court of Common Pleas of Fairfield County

and tried to the court, on the general issue with notice, before *DeForest, J.* Judgment for the plaintiffs, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*Lockwood*, in support of the motion.

*M. W. Seymour*, contra.

CARPENTER, J. The plaintiffs leased to the defendant for the term of one year an old two-story dwelling house, the lower story of which she used for a millinery store, and the upper for a residence. The lease was by parol, the lessors agreeing to repair the roof and water pipes, but nothing more. Around the windows, and where an addition was joined to the main building, water came in during rain storms and damaged the defendant's goods to the amount of several hundred dollars. The leakage also rendered the occupancy of the house inconvenient in other respects, making it damp, and to some extent unhealthy. Both parties refused to repair, and at the end of the tenth month the defendant vacated the premises and tendered the possession thereof to the plaintiffs, which they refused to accept. This suit is brought to recover rent for the remainder of the term.

The defendant claims that the leased premises had become untenantable, that by the act of 1869 she was justified in vacating them, and that she was absolved from all liability to pay rent thereafter.

It is conceded that by the common law, unless otherwise agreed, the tenant is bound to make ordinary repairs. But it is claimed that the statute referred to, in the absence of a special agreement, changes the common law in this respect, and throws the burden of making all repairs upon the landlord.

The statute referred to is as follows:—"The lessee, lessees or occupants of any building which shall have been or shall be, without any fault or neglect on their part, destroyed or so injured by the elements or any other cause as to be un-

tenantable or unfit for occupancy, shall not be liable or bound to pay rent to the lessor, lessors or owners thereof after such destruction or injury, unless otherwise expressly provided by written agreement between such parties." It further provides that the lessee may quit possession of the leased building, surrender the same to the lessor, and require the cancellation of the lease.

This statute manifestly has no reference to ordinary repairs, such as the lessee at common law is bound to make. It applies only to cases where the building becomes untenantable by reason of some sudden and unexpected calamity; as where it is wholly or partially destroyed by fire, water, or by a mob, or other like cause. It was designed to relieve the tenant of the burden of paying rent after it had become impossible for him to use and occupy the premises leased.

In this case the motion describes the condition of the building, states that the leakage "might have been prevented by proper repairs and at no great expense", and expressly finds as follows:—"that said tenement did not become in fact untenantable or unfit for occupancy from the causes aforesaid, or from any other cause, during the term of said lease."

The case therefore is not within the statute; and the court below, in deciding, upon the facts stated, that the defendant was liable for rent, decided correctly, and a new trial must be refused.

In this opinion the other judges concurred.