WILLIAM J. TURNER ET AL. v. TIMOTHY W. TOWNSEND.

FILED OCTOBER 17, 1894. No. 5649.

1. **Landlord and Tenant: REPAIR OF PREMISES.** The obligation of a landlord, in any case, to repair leased premises rests solely on express contract, and without an express contract to that effect, a landlord is neither bound to repair leased premises himself nor to pay for repairs made by his tenant.

2. ———: LEASE: INJURY TO PREMISES CAUSED BY STORM: COST OF REPAIR. A lease of premises between a landlord and his tenant contained the following provision: "And the said party of the second part further covenants with the said parties of the first part that at the expiration of the time in this lease mentioned he will yield up the said demised premises to the said parties of the first part in as good condition as when the same were entered upon by the said party of the second part, loss by fire or inevitable accident excepted." During the tenancy a front window of the building on the leased premises was destroyed by a storm. The landlord refused to restore the window. The tenant caused the window to be restored, and sued the landlord for the expense thereof. *Held,* That the tenant had no cause of action.

ERROR from the district court of Lancaster county. Tried below before FIELD, J.

*M. L. Easterday,* for plaintiffs in error, cited: Gear, Landlord & Tenant, sec. 104; 1 Wood, Landlord & Tenant [2d ed.], p. 311; *Witty v. Matthews,* 52 N. Y., 512; *Mumford v. Brown,* 6 Cow. [N. Y.], 475; *Foster v. Peyser,* 9 Cush. [Mass.], 242; *Krueger v. Ferrant,* 43 Am. Rep. [Minn.], 223; 12 Am. & Eng. Ency. Law, p. 720; *Weigall v. Waters,* 6 Term Rep. [Eng.], 488.

*Atkinson & Doty, contra,* cited: *Johnson v. Dixon,* 1 Daly [N. Y.], 178; *Ball v. Wyeth,* 90 Mass., 279; *United States v. Bostwick,* 94 U. S., 66; *Levey v. Dyess,* 51 Miss., 501; *Van Wormer v. Crane,* 16 N. W. Rep. [Mich.], 686;

*Phillips v. Stevens,* 16 Mass., 238; Wood, Landlord & Tenant, sec. 602; *Warner v. Hitchins,* 5 Barb. [N. Y.], 666; *Miller v. Morris,* 55 Tex., 412; *Hughes v. Vanstone,* 24 Mo. App., 637; *Myers v. Burns,* 35 N. Y., 269; *Buck v. Rodgers,* 39 Ind., 222; *Wright v. Latin,* 38 Ill., 293; *Lewis v. Chisholm,* 68 Ga., 40; *Warren v. Wagner,* 75 Ala., 188.

RAGAN, C.

On the 14th day of August, 1888, William J. Turner leased lot A of Baird's subdivision of lots 7 and 8, in block 67, in the city of Lincoln, Lancaster county, Nebraska, to Timothy W. Townsend for a term of two years from October 1, 1888. The lease was in writing, and by the terms thereof Townsend was to pay Turner $135 per month rent for said premises. The first payment of rent to be made on the 1st of October, 1888, and a like payment on the first of each month thereafter. The lease contained the following clauses: "And the said party of the second part [Townsend] further covenants with the said party of the first part [Turner] that at the expiration of the time he will yield up the said demised premises to the said party of the first part in as good condition as when the same were entered upon by the party of the second part, loss by fire or inevitable accident excepted. And it is also agreed by and between said parties that the party of the first part shall be at no expense for repairs, or water, or gas, or for anything else during the term of this lease." Townsend paid all his rent promptly up to and including the payment due May 1, 1890. Some time in the last named month one of the front windows in the leased building was broken out by a storm of wind and rain. Townsend notified Turner of the destruction of the window, and requested him to restore it, which Turner refused to do. Townsend thereupon caused the window to be restored at a cost to himself of $9.50; and when the rent fell due on

June 1, 1890, tendered Turner in payment thereof $125.50 in money and the bill of $9.50 which he had paid for restoring the window. Turner refused to accept this money and bill in full for the rent, and brought suit therefor before a justice of the peace. On the trial before the justice Turner accepted the $125.50 tendered by Townsend in part payment of the month's rent, but not in full; and recovered a judgment against Townsend before the justice for the remainder of the rent, $9.50. Townsend appealed from the judgment of the justice of the peace to the district court. Turner filed in that court his petition in the action, setting up substantially the facts above. To this petition Townsend filed an answer setting up the lease, the terms of it, the destruction of the window by the storm, Turner's refusal to restore the window, that he, Townsend, had caused it to be restored at a cost to himself of $9.50, and asked to have said sum set off against the rent due Turner for the month of June, 1890. To this answer Turner filed a general demurrer, which the court overruled, and rendered a judgment dismissing Turner's action. To reverse this action of the district court Turner has prosecuted proceedings in error here.

It will be seen from this statement that the only question involved in this case is whether Turner was under any legal obligation to keep the premises he had leased to Townsend in repair during the existence of the lease. The obligation of a landlord in any case to repair and rebuild leased premises rests solely on express contract, and without an express contract to that effect the landlord is neither bound to repair leased premises himself, nor to pay for repairs made by the tenant. (*Witty v. Matthews*, 52 N. Y., 512.) It is not in the power of a tenant to make repairs at the expense of his landlord, unless there be a special agreement between them authorizing him to do so. (*Mumford v. Brown*, 6 Cow. [N. Y.], 474.) The lease, then, contains no covenant or contract on the part of the landlord to make

repairs, but expressly provides that the landlord shall not be liable for any repairs made. There is nothing in the lease which can be construed into a covenant on the part of the lessor to keep the premises he had leased to Townsend in repair.

Counsel for Townsend have argued this case upon the theory that the destruction of the window by a storm was an inevitable accident, and for that reason that their client could not be compelled by Turner to restore the window, or to pay for its restoration had it been restored by Turner, and they therefore conclude that Turner is liable for the restoration of the window. Whether or not Townsend could be compelled by Turner to restore the destroyed window or to pay for its restoration is not in this case. It may be that the destruction of the window by a storm was an inevitable accident within the meaning of the lease; and that if the window had not been restored at the expiration of the lease, Townsend could not then be compelled to restore it or to pay for its being restored. The judgment of the district court is

REVERSED.