### FRED HERZKE v. JESSE H. BLAKE ET AL.

FILED APRIL 8, 1898.   No. 7926.

1. **Conflicting Evidence: REVIEW.** A verdict based upon conflicting evidence will not be disturbed.

2. **Evidence: LEASE.** Rejection of the lease offered in evidence in this case *held* not prejudicial error.

3. **Review: INSTRUCTIONS: BRIEF.** Instructions not argued in the brief of plaintiff in error will not be reviewed.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.   *Affirmed.*

*C. A. Baldwin*, for plaintiff in error.

*V. O. Strickler, contra.*

NORVAL, J.

This suit was instituted before a justice of the peace by Jesse H. Blake and Charles Secomb against Fred Herzke and Birdie Mann to recover a balance alleged to be due plaintiffs on an account for labor performed and materials furnished by them in the making of certain changes and repairs of the Elkhorn Valley House situated in the city of Omaha. Plaintiffs recovered judgment against both of the defendants, and the latter appealed to the district court, where, upon a trial to a jury, judgment was entered for the full amount claimed against Herzke alone, a verdict having been returned against the plaintiffs in favor of Mann.

Herzke was the owner of the building in question, and Birdie Mann, after the changes and repairs were made, occupied the premises as the tenant of Herzke. It is not disputed that the labor was performed and materials were furnished as alleged, nor is there any contention here over the amount due plaintiffs by reason of the premises. They insist the verdict and judgment against Herzke are right and should not be disturbed, while he

34

maintains that plaintiffs were employed by Mann alone and that she, and not himself, is liable. The evidence bearing upon this question is conflicting. That introduced by plaintiffs tended to show that in April, 1893, Herzke leased the Elkhorn Valley House to his co-defendant, Birdie Mann; that subsequently, on or about the 25th of said month, and before she had taken possession of the property, she saw Mr. Blake, one of the plaintiffs, and informed him that there was to be some work done on the building and suggested he meet Herzke, the owner, at the premises the next day; that Blake did so, when Herzke showed the latter through the building, pointed out the various changes and alterations he desired to be made, and told him to use any available material composing an old barn which stood on the same lot; that Herzke gave him the key to the premises, procured a permit from the building inspector, and during the progress of the work was frequently present giving directions and instructions to the workmen. There is in the record testimony conducing to show that while Herzke went through the building with Blake and pointed out the changes desired, he never employed plaintiffs, but the agreement was that they were to look to Birdie Mann for their pay. The testimony is ample to support a verdict in favor of plaintiffs. The jury have passed upon the conflicting testimony, and their finding we cannot disturb, although we would have been entirely satisfied had the verdict released Herzke from liability.

It is argued that the trial court erred in refusing to permit a written lease of the premises between Herzke and Mann to go in evidence. The ruling is justified on more than one ground. The lease was never recorded so as to give plaintiffs constructive notice of its contents, and no actual knowledge was brought home to plaintiffs, so they were not bound by any stipulations contained in the instrument. Again, an inspection of that document, which is incorporated in the bill of exceptions, discloses

that the relation of landlord and tenant did not exist between Herzke and Mann at the time plaintiffs began their work, since by the terms of the lease the tenancy was not to commence until May 1, 1893. This being the case, the rule could not be here invoked which was announced in *Turner v. Townscnd*, 42 Neb. 376, to the effect that without an express contract a landlord is neither bound to repair leased premises, nor to pay for those made by the tenants. It follows defendant could not have been prejudiced by the exclusion of the lease from the jury. No reversible error is discovered in the other rulings on the exclusion and admission of testimony.

In the motion for a new trial and petition in error the decision of the court in refusing to give each of the six instructions tendered by Herzke is challenged by an appropriate assignment, but the requests to charge will not be considered, for the reason they are not argued in the briefs filed by his counsel. Assignments of error relating to the giving or refusing of instructions must be supported by arguments in the brief of plaintiff in error, pointing out the errors for consideration, else such assignments will be treated as waived. The judgment is

AFFIRMED.