ABRAHAM RUMBERG *vs.* JACOB E. CUTLER.

Third Judicial District, New Haven, June Term, 1912.

· HALL, C. J., PRENTICE, THAYER, RORABACK AND WHEELER, JS.

A landlord is not bound to make repairs upon leased premises, unless he covenants to do so.

Where a lessor agrees to keep leased premises in repair, he is not liable for failure to repair unless he has notice that the repairs are necessary. Where no notice is provided for in the covenant, it is sufficient if the lessor had actual notice of the defect complained of.

The covenant of the defendant being that he would repair when the plaintiff called his attention "to any part of said premises that are

in need of repair," he was entitled to notice of the particular part of the premises which was claimed to be out of repair, and would have a reasonable time after such notice in which to make repair. It was, therefore, erroneous to instruct the jury that if the lessor had actual knowledge that the premises were not in repair, it would make no difference whether the lessee notified him or not.

In such a case, the defendant having set up in his answer that the plaintiff's goods were injured by his own negligence in placing them in a show window when he knew of the leaky condition of it, and the roof over it, the jury were correctly instructed that the plaintiff could not recover for damage so caused, but that the burden of proof was upon the defendant to prove that this damage was caused by the plaintiff's negligence. If the defendant broke his covenant, he was liable for at least nominal damages, and if the plaintiff was negligent in the manner alleged, it was not a case of contributory negligence, but a fact bearing on the question as to the damages to be recovered.

Upon the question of the plaintiff's negligence in such a case in placing his goods in the leased premises after the lease was executed, it was proper for the jury to consider the testimony of the plaintiff and defendant as to what was said between them at the time the lease was made concerning the state of repair of the premises. To do this was not to import into the lease stipulations and provisions not contained in it.

Where the evidence of a plaintiff's damage is very slight, the defendant, upon request, is entitled to an adequate charge to the jury upon the question of damages.

A plaintiff is bound to prove by a preponderance of evidence the extent of his damage, and the jury should not determine this by mere guess work and speculation, but must be guided by the evidence in the case—evidence furnishing a basis for a money estimate.

The charge of the trial court reviewed and *held* inadequate.

The wife of the plaintiff having testified on cross-examination that her husband purchased his goods from first-class houses in New York, testimony by a witness that he had seen the wife making purchases in other than first-class houses in New York, was properly excluded, in the absence of testimony that she was acting as agent for her husband.

Argued June 5th—decided July 26th, 1912.

ACTION by a tenant against his landlord to recover damages for injuries to the former's property alleged to have been caused by the latter's neglect to keep the leased premises in repair in compliance with his cove=

nant in the lease, brought to the Court of Common Pleas
in New Haven County and tried to the jury before
*Wolfe, J.;* the trial judge denied defendant's motion to
set aside a verdict for the plaintiff for $376, and rendered
judgment for that sum, and the defendant appealed.
*Error and cause remanded.*

*Benjamin Slade,* with whom was *Spotswood D. Bowers,*
for the appellant (defendant).

*Robert C. Stoddard,* for the appellee (plaintiff).

THAYER, J. The plaintiff leased a store of the de-
fendant. He claimed that during his term, owing to
the defective and leaky condition of the show window
where he displayed his goods, and the roof over it,
his goods were wetted, stained, and damaged. The
defendant, by a covenant in the written lease under
which the plaintiff held his term, undertook to keep the
premises in proper repair whenever his attention should
be called by the lessee to any part thereof that should
need repair.

The landlord is not bound to make repairs upon the
leased premises, unless he covenants to do so. *Gallagher*
v. *Button,* 73 Conn. 172, 175, 46 Atl. 819. No duty,
therefore, rested upon the defendant to make repairs,
except that which was created by his covenant. Where
a lessor agrees to keep the leased premises in repair, he
is not liable for failure to repair, unless he has notice
that the repairs are necessary. But in such case, where
no notice is provided for in the covenant, it is sufficient
if the lessor had actual notice of the defect complained
of. In the present case, the covenant was that the
defendant would repair when the plaintiff called his
attention "to any part of the said premises that are

in need of repair." He was thus entitled to notice from the plaintiff of the particular part of the premises which was claimed to be out of repair. This was an important part of the covenant. The plaintiff was in possession of the premises. Any defective condition which affected his occupancy would be known to him. The provision for notice by him in the covenant prevented his making claims for damage until he had given the defendant notice of the defect complained of. After such notice, the defendant would have a reasonable time in which to make the repair. The court instructed the jury that the provision in the lease was not an absolute agreement on the part of the lessor, but was conditional upon his attention being called to the need of repairs by the lessee. This was correct.

Later, the jury were told that, if the lessor had actual knowledge that the premises were not in repair, it would make no difference whether the lessee notified him or not. This instruction was given against a request by the defendant for an instruction, in substance, that the defendant could not be held liable unless the jury should find that the plaintiff called his attention to the alleged defective condition of the premises. The instruction made null the express condition of the covenant, and made the situation of the parties what it would have been, had the covenant to repair been absolute. The instruction was therefore erroneous.

The defendant claimed that the injury to the plaintiff's goods was caused by his own negligence in placing his goods in the show window when he knew of the leaky condition of it, and of the roof over it. The court correctly told the jury that the plaintiff could not recover for damage so caused.

The defendant complains because the jury were instructed that the burden was upon him to prove

Rumberg v. Cutler.

that this damage was caused by the plaintiff's negligence. He had set this up in his answer, and it was a proper matter of defense in reducing the amount of the special damage which the plaintiff claimed to recover for the defendant's breach of his covenant to repair. It was properly pleaded for that purpose, and the jury were properly told that the burden was on the defendant to prove it. It is not a case, as the defendant claims, of contributory negligence. If the defendant broke his covenant, he was liable for at least nominal damages. If the plaintiff negligently placed his goods where he knew they must be damaged by water from the leaky window and roof, he could not recover for that damage.

The portion of the charge complained of in the twenty-sixth assignment of error affords no ground for the criticism that the jury were thereby allowed to import into the lease stipulations and provisions not contained in it. Upon the question of the plaintiff's negligence in placing his goods in the window shortly after the lease was executed, it was competent to prove, if it were true, that the defendant, at the time the lease was made, assured the plaintiff that the window and roof were in good repair. The testimony of the plaintiff and defendant as to what was then said between them upon that subject was properly to be considered by the jury, as they were told in the portion of the charge criticised.

Treating of the same question, the plaintiff's negligence, the jury were told by the court that if, during the term of the lease, the defendant, his attention having been called to the fact that the roof was leaking, assured the plaintiff that it had been put in proper repair, and that he could then with safety put his goods in the window, the plaintiff would be justified in putting his goods in the window; and if, thereafter,

water ran through and damage resulted, the defendant, under such circumstances, would be liable for such damage. Under such circumstances, the plaintiff would doubtless be justified in placing his goods in the window, relying upon the defendant's assurance that the repair had been made, unless he knew the contrary. If the goods were thereafter injured by reason of the repairs not having been properly made, the defendant would be liable. But if the repairs had been properly made, so that it was then safe to place the goods in the window, and subsequently the roof became again out of repair, the defendant would not be liable for the damage caused by the later defect until he had been notified of and had had a reasonable time within which to repair it. The court doubtless intended that the jury should understand his remarks as applying only in case the roof was not in proper repair at the time the assurance was given.

As there must be a new trial upon other grounds, it is unnecessary to decide whether the court was wrong in refusing to set the verdict aside. The only respect in which it is claimed that the verdict was against the evidence is upon the question of damages. The evidence as to the amount of the plaintiff's damage, if he suffered any, was very slight, and there may be some question, as claimed by the defendant, whether the verdict was not for the full value of the goods, rather than the damage to them. Upon this state of the evidence, the defendant was entitled to an adequate charge upon the question of damages. He requested a charge that the plaintiff was bound to prove, by a preponderance of the evidence, the extent of his damages; that the jury could not determine this by mere guess work and speculation, but must be guided by the evidence in the case—evidence furnishing a basis for a money estimate. The only instruction given as to the question

of damages was that, if the jury found that the plaintiff was entitled to damages, "you will award to him such actual damage as from the evidence it has appeared he suffered in consequence of the neglect of the defendant, together with interest upon such sum from the 13th day of March, 1911."

The plaintiff, in a case like this, has it in his power to lay before the jury evidence which will enable them to estimate his damage with reasonable probability. He was bound to furnish such proof, and not leave the jury to speculation and conjecture. The defendant claimed that they had been so left. While the charge given might be sufficient in a case of personal injury, or where there was no claim made that the evidence failed to show any damage, although the jury found a breach of the defendant's covenant, it failed to meet fully the situation presented by the defendant's claims; and his requests, or something equivalent thereto, should have been granted and the jury instructed that, if they should find for the plaintiff, unless they could find from the evidence the amount of the damage suffered by the plaintiff, their verdict should be for nominal damages only.

Only one of the questions of evidence raised by the appeal has been pursued in the brief or the argument. The plaintiff's wife, on cross-examination, having testified that her husband purchased his goods from first-class houses in New York, the defendant, for the purpose of contradicting her, called a witness, Tolstoy, and proposed to prove by him that he had seen the plaintiff's wife in New York in 1910, on the East Side, so-called, in a place kept by a dealer in "jobs," making a purchase there. In the absence of testimony showing that she was acting as agent for her husband, this evidence was properly excluded as not contradicting the wife as to the char-

acter of the places where her husband purchased his goods.

There is error, the judgment is reversed, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.