WILHELMINA C. SAYRE ET AL. v. ROSEVILLE MOTOR
COMPANY.

Submitted September 6, 1913—Decided December 4, 1913.

1. A lease in writing for more than three years, signed by a person acting as the agent of the lessor but whose authority to represent the lessor is not in writing, has the force and effect of a lease at will only.
2. To terminate a tenancy at will our statute requires a three months' notice to quit to be given to the tenant.
3. A tenant in possession of demised premises, who is carrying on business therein, and whose business is injuriously affected by reason of a fire which occurs on the premises, has no legal claim upon his landlord to make good the losses so sustained because the latter neglects to restore the premises to their normal condition.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the rule, *Vredenburgh, Wall & Carey.*

*Contra, Milton M. Unger.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiffs instituted this suit to eject the Roseville Motor Company and the other defendants, who are its subtenants, from certain premises in the city of Newark. The defendants set up that they are rightfully in possession under a lease held by the motor company upon the premises, made by Frederick E. Hodge, claiming to be the duly authorized agent of the plaintiffs for that purpose. The lease is in writing, dated February 1st, 1906, and purports to demise the premises for a term of ten years and three months from the date thereof. The motor company not only set up its right to continue in possession of the

premises, but counter-claimed against the plaintiffs upon the ground that a fire occurred in the premises in 1911 whereby one of the buildings was partially destroyed; that the landlord thereupon became obligated to repair the premises in accordance with the statute (the Landlord and Tenant act), but failed to do so; that by reason of such failure the motor company sustained damage to the amount of $3,000 which, as the defendants alleged, the plaintiffs were bound to make good. The trial resulted in a verdict in favor of the defendants upon the question of possession, and also in favor of the defendant the motor company on its counter-claim, damages being assessed to it on that account for the sum of $7,665.

The right of Hodge to execute the lease under which the defendants claimed the right of possession was disputed by the plaintiffs and asserted by the defendants. Whether or not he was authorized to act, however, seems to us to be unimportant, for the reason that for some years after the entry of the defendants under the lease the plaintiffs recognized their right as tenants thereunder by accepting from them from time to time the rent called for by this instrument. This being so, the first question to be determined is the rights of the respective parties under it. The first section of the statute of frauds provides that all leases for more than three years, not put in writing and signed by the parties making or creating the same, or their agents thereunto lawfully authorized *by writing,* shall have the force and effect of leases at will only. The authority of Hodge to execute the lease (if he had it) was not in writing, but was created by a conversation over the telephone. The lease, therefore, created a tenancy at will by force of the statute, and the recognition by the plaintiffs of the right of the defendants to possession under it did not at all affect the character of the latter's tenancy. The plaintiffs, realizing that by force of the statute the defendants, if tenants at all, were tenants at will, served upon them on the 21st of August, 1911, a notice to deliver up the possession of the premises on the 1st day of October then next. But this notice was insufficient to bring the tenancy to an end. By force of our statute (section 109 of

the District Court act, *Comp. Stat.*, *p.* 1989) a three months' notice to quit is required in order to terminate such a tenancy. *Guvernator* v. *Kenin*, 37 *Vroom* 114. That given in the present case called upon the defendants to deliver up possession at the expiration of one month and ten days from the date of service thereof. The tenancy not having been terminated by a sufficient notice the defendants were entitled to a verdict on the question of the right of possession.

It is urged on behalf of the plaintiffs that they had a right to eject the defendants because the latter had failed to pay the rent called for by the lease from the time of the occurrence of the fire in 1911 up to the time of the filing of the complaint. But this contention is without merit. By force of the supplement of 1874 to the act concerning landlords and tenants (*Comp. Stat.*, *p.* 3078), the defendants were under no obligation to pay rent for the demised premises, notwithstanding that they continued in the occupation thereof, so long as the injury done by the fire remained unrepaired by the landlord; and the finding of the jury that the fire did not occur through any fault of theirs is supported by the proofs.

Turning to the counter-claim of the motor company: it is admitted on their behalf that the award of the jury was far in excess of the damages which they claimed a right to recover, and that the verdict should be reduced to the amount asked for by them in their answer. But the trouble with this part of the case lies deeper. The counter-claim is without any legal basis to support it. Prior to the enactment of the statutory provisions referred to, the tenant in possession of demised premises under a lease was required to continue the payment of the rent called for by that instrument, notwithstanding that the rental value thereof might be greatly decreased by fire occurring therein. Moreover, any loss resulting from the falling off of his business by reason of the partial destruction of the leased premises was one which he had no right to call upon his landlord to make good. The statute made no change in the relations existing between the landlord and tenant so far as the responsibility of one to the other

was concerned, except in one respect, viz., the exoneration of the tenant from the payment of rent so long as the landlord neglected the restoration of the injured property. The statute requires the landlord to repair as speedily as possible; the only penalty which it imposes upon him for failure to comply with this requirement is that the rent shall cease so long as he neglects to comply with this provision of the statute. The verdict, therefore, so far as it awarded damages to the motor company, and against the plaintiffs, for the former's loss of profits due to the lack of repair of the building upon the demised premises, must be set aside.

The rule to show cause will be made absolute.