## RUTH NEWMAN *vs.* NATHAN GOLDEN ET AL.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 24th, 1928—decided January 30th, 1929.

*Robert J. Woodruff,* with whom, on the brief, was *John E. Confrey,* for the appellant (plaintiff).

*Benjamin Slade,* with whom was *Louis Weinstein* and, on the brief, *Arthur B. O'Keefe,* for the appellees (defendants).

MALTBIE, J.   The original complaint in this action alleged that the plaintiff was a minor of the age of eleven years, residing with her parents in a tenement house owned by the defendant and rented to them; that a toilet located in the tenement occupied by them was out of repair, in that the swinging seat was broken loose from the stationary part; that the defendant's attention was called to the condition of the toilet and that he promised to repair it but neglected to do so; that on or about May 15th, 1927, the plaintiff, having occasion to go to the toilet, found the seat in its ordinary position; that after using it, she stepped upon the seat to reach a pull chain, which had been provided by the defendant for the purpose of tripping it but which came no nearer than five and one half feet from the floor; that while she was using it, the seat fell from the toilet, causing her to fall and suffer severe injury; and that the cause of her fall was the negligence of the defendant in neglecting to repair the toilet in accordance with his agreement, in allowing it to remain in its broken condition and in failing to provide a chain for it of proper and reasonable length. To this complaint the defendant demurred, in brief, because it appeared from its allegations that the toilet was located in the tenement occupied by the plaintiff and her parents as lessees and because the complaint stated no legal duty upon the part of the defendant to repair the toilet.   This demurrer the trial court sustained and its action in so doing is one of the grounds of appeal.

"At common law the landlord is under no obligation to make repairs upon leased premises; any obligation

in that regard must arise from contract or statutory provisions"; *Lesser* v. *Kline,* 101 Conn. 740, 744, 127 Atl. 279; nor is he liable for an open, visible and dangerous condition in the leased premises in existence when the tenant took possession, either to him or to his minor child living with him. *Hearn* v. *Hilliard Co.,* 99 Conn. 666, 122 Atl. 567; *Valin* v. *Jewell,* 88 Conn. 151, 156, 90 Atl. 36. Apart from such obligation as might arise out of the promise alleged, there was no duty resting upon the defendant either to repair the toilet or to remedy any defect arising out of the shortness of the pull chain. Out of a valid and enforceable agreement on his part to make repairs might arise an obligation the breach of which would give rise to an action for negligence. *Stevens* v. *Yale,* 101 Conn. 683, 127 Atl. 283. Under the original complaint in this action, however, so far as appears, the agreement to repair the toilet was made after the tenants had entered under their lease and it was therefore unenforceable because without consideration. *Gill* v. *Middleton,* 105 Mass. 477, 478; *Libbey* v. *Tolford,* 48 Me. 316, 318; 1 Tiffany on Landlord & Tenant, p. 583. That being so, the complaint failed to lay a foundation for any liability in tort and the action of the trial court in sustaining the demurrer was proper. *German Alliance Ins. Co.* v. *Home Water Supply Co.,* 226 U. S. 220, 229, 33 Sup. Ct. 32; *Prindle* v. *Sharon Water Co.,* 105 Conn. 151, 161, 134 Atl. 807.

The plaintiff then sought permission of the trial court to file a substitute complaint but this was denied, and this denial is the other error assigned. The proposed substitute complaint alleges that on July 29th, 1926, the premises were leased to the parents of the plaintiff by a written lease, a copy of which is annexed; that immediately prior to the execution of this lease the father of the plaintiff called the at-

tention of the defendant to the condition of the seat of the toilet and the pull chain and to other conditions in and about the premises which were in need of renovation or repair and informed him that if he would properly repair the toilet and put it in good condition that he and his wife would execute the lease; that the defendant then promised that he would repair it and put it in good condition; that, relying upon the promises of the defendant and induced by them, the plaintiff's parents did execute the lease and enter into possession of the premises; but that the defendant neglected and refused to repair the toilet, although often requested to do so; and the complaint then sets forth the circumstances of the plaintiff's injury substantially as described in the original complaint.

The trial court denied permission to file the substitute complaint upon the ground that it did not cure the defect in the original complaint. As we have pointed out, the reason why no breach of duty could arise under the facts alleged in the original complaint was that the defendant's promise to repair, made so far as appears after the execution of the lease and the taking of possession under it, was without consideration. In the substitute complaint it was alleged that the promise to repair was made before the execution of the lease and that it was executed as a result thereof. Obviously the considerations which were determinative of the unenforceability of the promise alleged in the first complaint might not be present in such a situation and the applicability of the parol evidence rule might be involved. The questions so presented the trial court in effect decided in its denial of the motion for permission to file the substitute complaint. It thus summarily deprived the plaintiff of her right to present her claimed cause of action to be judicially passed upon either upon demurrer or after issues joined and in this

it erred. *Warner* v. *New York, N. H. & H. R. Co.*, 86 Conn. 561, 567, 86 Atl. 23. The plaintiff should be permitted to file the substitute complaint, so that the issues arising under it may be determined in proceedings properly adapted to that end.

There is error, and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.