## JOSEPH MORRIS
### vs.
## NATHAN FOX, ET AL.

Superior Court        Hartford County        File #52934

Present:  Hon. JOHN A. CORNELL, Judge.

Joseph B. Griffin,              Attorney for the Plaintiff.

Berman & Horwitz,              Attorneys for the Defendants.

## MEMORANDUM FILED APRIL 6, 1936.

CORNELL, J.  In substance and insofar as is material to the questions raised by the instant demurrer the first count alleges that in February, 1934, defendants were in exclusive possesion and had been for a long time prior thereto, as tenants under a month to month lease of a one-family house owned by plaintiff; that in that month while they were absent on a pleasure trip, certain water pipes attached to the heating apparatus, burst, severely damaging "the realty"; that the defendants were under a duty to make the necessary, exten-

sive repairs occasioned by the accident, but in their absence and in order to preserve his property, plaintiff made them; and that defendants have refused to reimburse him for his outlays.

The first ground of demurrer assails the whole of paragraph 5 as the statement of a conclusion or conclusions of law. Palpably that portion of it which reads ". . . . the defendants have refused to reimburse the plaintiff for his reasonable expenditures" is a statement of fact.

As to the allegation . . . . "It was the duty of the defendants to make said repairs"—with which it is joined and which precedes it—it seems that this is merely stated as a part of the narrative, although it is a conclusion of law. As the latter is not admitted by the demurrer and having been objected to, cannot injure the defendant. **Coughlin vs. Knights of Columbus, 79 Conn. 218; Perkins vs. Coffin, 84 Conn. 275, 281.**

The gist of defendant's contentions are stated in the second ground of demurrer, viz., "that it does not appear from the allegations . . . that defendants are under any duty to make the repairs described."

The duty under which the defendants, as tenants, rested is that fixed by the common law modified, if it has been, by statute or so modified or supplanted by the agreement of the parties.

That duty was to make ordinary repairs. **Hatch, et al. vs. Stamper, 42 Conn. 28, 29; Lesser vs. Kline, 101 Conn. 740, 744; Newman vs. Golden, 108 Conn. 676, 677, 678.**

It is held that the provisions of **General Statutes, Rev. 1930, Sec. 5023** do not alter a tenant's liability under the common law, but provide only a protection·to him against liability for non-payment of rent where the leased premises "without his fault or neglect" are so injured as to become unfit for occupancy. **Lesser vs. Kline, 101 Conn. 740, 745; Hayes vs. Capitol Buick Co. 119 Conn. 372, 377.** No other statute in this state effects the relations of a lessor or lessee, touching the matter of repairs to the leased premises and in this case, no agreement of the parties is alleged by which these were either modified or superceded.

It follows, therefore, that if the repairs occasioned by the alleged bursting of the water pipe were "ordinary", the defendants as tenants were obligated to make them, while on the other hand if the bursting of the pipe was the result of some extraordinary occurrence such as a sudden and not reasonably to be anticipated excessive water pressure from external source over which the tenants, if present, could have had no control or from some other source or force not arising from or associated with defendants' reasonable use of the property, a different situation might well be presented.

The liability of a tenant for repairs which sounds in contract as distinguished from tort is limited to those of "ordinary" character and if the first count is to state a cause of action it must contain allegations which show that the repairs in question were of that character.

The allegations of paragraph 3, which have not been subjected to attack by Motion for More Specific Statement, are equally consonant with a theory that the repairs were "ordinary" as that they were extraordinary. Which is but to say that in the scantiness of factual detail which they give they are sufficient to admit proof in support of them that the bursting of the pipe resulted from lack of ordinary repair.

This being so, it follows that the ground of demurrer that the defendants' tenants, made no special agreement to make repairs is immaterial, as is, also, that which advances the claim that the first count fails to allege that the bursting of the pipe was due to the fault or neglect of the defendants.

The demurrer is overruled on all four grounds.