## Joseph Papallo *v.* The Meriden Savings Bank.

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued January 6—decided February 5, 1942.

*J. Stephen Knight,* for the appellant (defendant).

*Francis R. Danaher,* for the appellee (plaintiff).

Avery, J. The facts found by the trial court in this case are these: For some time prior to June 28, 1938,

the plaintiff had been a month-to-month tenant in the defendant's premises. When the tenancy began, the ceiling of the kitchen within the leased tenement was in poor condition. About a month prior to June 28, 1938, a piece of plaster fell from the ceiling of the kitchen. The plaintiff spoke to the defendant's officer in charge of real estate two or three times and told him that a piece of plaster had fallen from the kitchen ceiling and that he, the plaintiff, would move out if the ceiling was not repaired, and the defendant's officer said, "By and by we'll fix it up" . . . "You stay and we fix it up." The conversation or conversations took place subsequent to the time when the first piece of plaster fell. The plaintiff remained in the premises after the conversations, and on June 28, 1938, another piece of plaster fell from the kitchen ceiling, striking the plaintiff and injuring him. Upon this state of facts, the trial court rendered judgment for the plaintiff from which the defendant has appealed. The defendant makes two claims of law. First, that no negligence is shown, in that it does not appear when the agreement to repair was made and that thereafter the defendant had a reasonable time to make the repair before the ceiling fell; and, second, that, as far as appears, the agreement was made after the tenant had entered upon a monthly term and within such monthly term and was unenforceable because of lack of consideration.

" 'At common law the landlord is under no obligation to make repairs upon leased premises; any obligation in that regard must arise from contract or statutory provisions'; *Lesser* v. *Kline,* 101 Conn. 740, 744, 127 Atl. 279; nor is he liable for an open, visible and dangerous condition in the leased premises in existence when the tenant took possession. . . . *Hearn* v. *Hilliard Co.,* 99 Conn. 666, 122 Atl. 567; *Valin* v. *Jewell,* 88

Conn. 151, 156, 90 Atl. 36." *Newman* v. *Golden,* 108 Conn. 676, 677, 144 Atl. 467.

In a case of this character brought by a tenant against a landlord and based upon an agreement to repair and a failure to do so, the basis of the action is not for the breach of contract to repair but for negligence growing out of the contract relationship. *Dean* v. *Hershowitz,* 119 Conn. 398, 409, 177 Atl. 262; *Chipman* v. *National Savings Bank,* 128 Conn. 493, 496, 23 Atl. (2d) 922. Such negligence might consist in an unreasonable delay or failure to make any repair at all, or in making the repairs in a negligent and unskillful manner. It was consequently incumbent upon the plaintiff to show that the defendant had a reasonable time and opportunity to make the repair subsequent to the time of the agreement and before the injury. It is well settled in this state that out of a valid and enforceable agreement on the part of the landlord to make repairs there may arise an obligation on his part which would give rise to an action for negligence; *Stevens* v. *Yale,* 101 Conn. 683, 687, 127 Atl. 283, but such an obligation cannot be based upon an agreement not supported by a consideration; *Newman* v. *Golden,* supra. A promise to repair made to induce a person to become a tenant or, after the tenancy has commenced, to induce the tenant to remain for a longer or for a new or additional term is based upon a sufficient consideration and if such agreement is negligently performed may give rise to an action for damages based on negligence. If, however, the promise is made after the tenancy has already commenced and during the term of the lease, and the tenant is not thereby induced to stay for a longer term, or a new term, but only to continue for the term already commenced and pay the rent which he has already contracted to pay, the agreement to repair is without consideration. *New-*

*man* v. *Golden,* supra, 678; *Dean* v. *Hershowitz,* supra, 409.

Inasmuch as it does not appear when the claimed promise to repair was made or whether, if made, the plaintiff was induced thereby to hold for any other or different term than that to which he had agreed before the promise was made, it follows that there is no basis in the finding for a determination that there was any enforceable agreement to repair; nor does it appear that if there was such an agreement the defendant was negligent in failing to make the repairs within a reasonable time, or in making them in a negligent and unskillful manner.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.