Plaintiff, social guest of the tenant in possession and control of a one family dwelling house, brings this action against the defendant owner to recover damages for personal injuries sustained by her on December 23, 1940, as a result of a fall on a defective outside step of said house. The house in question is located at No. 129 Orchard Street, New Haven. The relationship between the defendant owner and the tenant in possession (sister of plaintiff) was that of landlord and tenant on a month-to-month basis, monthly rental being in the agreed amount of $25. This relationship became effective October 1, 1939, and continued until June, 1941, when the tenant bought the property of the defendant.
Plaintiff's theory of action against the defendant landlord is that in December, 1939, the tenant in possession had extracted a promise of the defendant, or her duly authorized agents, to repair the step in question, and said step was not repaired, and that defendant's promise or agreement to repair said defective step which occasioned the plaintiff's fall and injuries inured to the benefit of the plaintiff giving her a right of action against the defendant.
At common law a landlord is under no obligation to make *Page 474 
repairs upon leased premises. Papallo vs. Meriden SavingsBank, 128 Conn. 563, 564, and cases therein cited. If, however, there is a valid and enforceable agreement on the part of the landlord to make repairs, a breach of this contractual obligation may give rise to an action for negligence by the tenant against his landlord. Glynn vs. Lyceum Theatre Co.,87 Conn. 237, 239; Stevens vs. Yale, 101 id. 683, 687; Newmanvs. Golden, 108 id. 676, 678; Dean vs. Hershowitz,
119 id. 398, 409; Papallo vs. Meriden Savings Bank, supra, p. 565. The Connecticut rule in this respect is not in accord with the majority rule, which confines the remedy of the tenant to that of breach of the covenant or contract to repair. See article entitled Tort Liability of a Connecticut Landlord appearing in the October, 1941, issue of the Connecticut Bar Journal, p. 315 et seq., particularly p. 326, note 48.
It is an open question in this State as to whether a guest or invitee of a tenant in possession can avail himself of the benefit of a covenant or contract entered into by the tenant and his landlord de repairs upon a breach thereof by the landlord. See Stevens vs. Yale, supra, p. 691; Glynn vs. LyceumTheatre Co., supra, p. 240. The Restatement of the Law ofTorts, § 357, sanctions recovery by the guest or invitee of the tenant in possession against the landlord, providing the landlord has agreed by a covenant in the lease, "or otherwise", to repair the premises. See, also, 4 Shearman and Redfield,Negligence (Rev. 1941) § 786, pp. 1806-1807. There is ample authority to the contrary. See Harris vs. Lewistown TrustCo., 326 Pa. 145, 191 A. 34, 110 A.L.R. 749; Soulia vs.Noyes, 111 Vt. 323, 16 A.2d 173; Chelefou vs. SpringfieldInstitution for Savings, 297 Mass. 236, 8 N.E.2d 769;Prosser, Torts (1941) § 81, p. 659; Jones, Landlord and Tenant
(1906) § 595, p. 679. "While the authorities are not entirely agreed as to the effect of a landlord's covenant to repair with regard to his liability for personal injuries to a tenant and his invitees, according to the great weight of authority, a landlord's breach of his covenant to repair the demised premises or to keep the premises in repair, in consequence of which the tenant or those in privity with him receive personal injuries, does not give rise to a cause of action either ex delicto or ex contractu, in favor of the injured person against the landlord for damages or indemnity for the injuries thus caused, unless it appears that at the time of the demise the premises contained, to the landlord's knowledge, dangerous *Page 475 
hidden defects unknown to or concealed from the tenant, which the tenant could not have discovered by reasonable inspection." 32 Am. Jur. Landlord and Tenant § 723, p. 597.
The court in this case is not required to pass upon the academic — and subtle — question outlined in the preceding paragraph. A careful study of all of the evidence leads the court to the conclusion that the agents of the defendant (employees of Lomas Nettleton Co.) at no time prior to December 23, 1940, expressly or impliedly promised Mrs. Pagliucca (who with her husband and two minor children occupied the premises in question) that they would fix the defective step in consideration of the Pagliucca family continuing to occupy the house and pay monthly rent therefor. This conclusion is based upon an express finding of subordinate fact that the defendant, through her duly authorized agents, never entered into an agreement with Mrs. Pagliucca, or with a member of her family, that the step in question would be repaired if the tenancy status of the Pagliucca family remained unaltered. This aspect of the case in itself defeats plaintiff in her claim for damages.
The evidence accepted by the court is that the defendant, through her agents, had no knowledge of the defective step prior to December 23, 1940. But since the tenant was in exclusive control of the house, even knowledge of this condition which came into effect after the month-to-month tenancy commenced, would not in legal contemplation impose liability on the defendant in favor of the plaintiff. Hence, the "promise to repair" issue has become the crux of the case. The accepted facts of the case, unfortunately, obviate the court's consideration of a question that would be of paramount interest to the bar.
The fact that the defendant caused certain repairs to be made to other parts of the house after the tenancy commenced and upon a special request of Mrs. Pagliucca, does not alter the inexorable rule of the common law referred to in Papallovs. Meriden Savings Bank, supra. So, also, there is nothing contained in the opinion of Webel vs. Yale University,125 Conn. 515, which is helpful to the plaintiff in connection with her alleged cause of action and evidence offered pursuant thereto.
 Further discussion would serve no useful purpose. Judgment necessarily will enter for the defendant.